UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HOXIE,

    Plaintiff,

vs                                                File No:
                                                     Hon.

LIVINGSTON COUNTY, SHERIFF ROBERT
BEZOTTE, UNDERSHERIFF MICHAEL J. MURPHY,
JAIL ADMINISTRATOR, LT. THOMAS CREMONTE,
MATTHEW HOFFMAN, MATTHEW YOUNG, CHERYL MIKS

    Defendants.
_____/
Grant W. Parsons   (P38214)
Jennifer R. Berry   (P67665)
Parsons Ringsmuth Zelenock PLC
Attorneys for Plaintiff
520 W. Union, P.O. Box 1710
Traverse City, MI  49685-1710
(231) 929-3113
_____

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Gregory Hoxie, by and through his counsel, PARSONS RINGSMUTH ZELENOCK PLC, and complaint of Defendants as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff, Gregory Hoxie, is a resident of Grand Traverse County, Michigan.

2.    Defendant Livingston County was at all pertinent times a political subdivision of the State of Michigan, the owner of the Livingston County Jail ("County

1

Jail") and at all times relevant to this Complaint, through its Sheriff Robert "Bob" Bezotte, operated the County Jail.

3. Defendant Livingston County Sheriff Bob Bezotte was at all times relevant to this Complaint the Sheriff of Livingston County, acting under the color of law, and was responsible for the operation of the County Jail.

4. Defendant Livingston County Undersheriff Michael J. Murphy was at all times relevant to this Complaint the Undersheriff of Livingston County, acting under the color of law, and was responsible for the operation of the County Jail.

5. Defendant Lieutenant Tom Cremonte was at all pertinent times acting under the color of law as Livingston County Sheriff's Deputy and Jail Administrator for the Livingston County Jail.

6. Defendant Matthew Young, Livingston County Badge # 382, was at all pertinent times acting under the color of law as a Livingston County Sheriff's Deputy and a corrections officer for the Livingston County Jail.

7. Defendant Matthew Hoffman, Livingston County Badge #376, was at all pertinent times acting under the color of law as a Livingston County Sheriff's Deputy and  a corrections officer for the Livingston County Jail.

8. Defendant Cheryl Miks (Intake screening Officer 8-27-05), Livingston County Badge #218, was at all pertinent times acting under the color of law as a Livingston County Sheriff's Deputy and a corrections officer for the Livingston County Jail.

9.   Defendants John or Jane Does (unknown Defendants) were at all pertinent times acting under the color of law as a corrections officers in the County Jail.

10.   Venue is proper in the Eastern District of Michigan, where the events giving rise to this Complaint occurred.

11.   This case arises under Title 42 of the United States Code, §1983 and the Court has jurisdiction of this action under Title 28 of the United States Code, §1343 and Title 28 of the United States Code, §1331; as well as pendent jurisdiction over related Michigan state law claims.

## COMMON ALLEGATIONS

12.   Paragraphs 1-11 are incorporated and if fully stated herein by reference.

13.   On or about August 27, 2005, Plaintiff was "booked" and received a medical screening at the Livingston County Jail for a non-violent offense by Defendant Cheryl Miks.  Plaintiff received no medical screen from Deputy Matthew Young, who attested Hoxie was in good physical health and mental health.

14.   During the time he was incarcerated at the County Jail, Plaintiff was classified as a medium security inmate.

15.   At approximately 2:54 p.m. on or about March 18, 2006, Plaintiff was placed in a "visiting booth" at the County Jail by one of the unknown Defendants John or Jane Doe.

16.   At the time he was placed in the "visiting booth", the booth was also occupied by another inmate, Ryan C. Backus ("Backus").  Upon information and belief, Backus was classified as a maximum security inmate because he was known to have

violent tendencies and had a history of assaultive behaviors while incarcerated in the County Jail.

17. Upon information and belief, Defendants were aware of the fact that Backus did not like the Plaintiff and that the Plaintiff was at risk of being assaulted by Backus.

18. Almost immediately upon being placed in the "visiting booth", Plaintiff was violently assaulted by Backus.

19. As a result of the assault, Plaintiff sustained serious injuries including, but not limited to, facial fractures, broken nose and closed head injury.

20. Upon information and belief, Corrections Officers knew that Plaintiff was disoriented and had obviously sustained serious injuries to his face and head.

21. Over the next three and a half hours, Corrections Officers, upon information and belief, observed Plaintiff's condition but no medical treatment was provided.

22. Upon information and belief, when Plaintiff finally received medical attention, he only received general first aid for his injuries.

23. Following the assault injuries, Plaintiff made numerous complaints to Defendants Corrections Officers, complaining of head pain. Similar written requests for follow up medical attention were made by Plaintiff to Defendants Corrections Officers and to County Jail medical personnel.

24. On or about March 21, 2006, three days later, Plaintiff was finally transported to St. Joseph Mercy Livingston hospital for examination. That examination revealed that Plaintiff had sustained serious injuries to his head including:

      a.    Facial fractures including a crushed eye socket and broken nose.

25.    Not until ten days later did Plaintiff have surgery to repair his nasal and facial fractures, but was returned to the jail without proper medical or rehabilitative care.

26.    Over the next two months, Plaintiff complained of worsening headaches, pain, dizziness, ringing in the ears, and other symptoms indicative of a worsening head injury. Defendants only administered over-the-counter nasal sprays and decongestants, despite Plaintiff's obvious need for serious medical attention.

27.    Plaintiff's condition was allowed to worsen gravely as a result of jail medical policies and inaction of Defendants.

28.    On or about May 19, 2006, it was recommended by local doctors, after a follow-up visit, that Plaintiff was suffering from Tinnitus, or ringing in the ears, and needed to follow up with physical medical and rehab physician.

29.    Instead of providing the prescribed care, Defendants discharged Plaintiff in the dead of the night at 12:30 a.m. on May 23, 2006, drove him to a remote part of town, and dropped Plaintiff off without a coat or any warm clothing in freezing temperatures and left him there without regard for his medical conditions.

## COUNT I

**UNCONSTITUTIONAL POLICY AND PRACTICE OF DEFENDANTS LIVINGSTON COUNTY and SHERIFF BOB BEZOTTE – FAILURE TO CLASSIFY AND SEGREGATE INMATES**

30.    Paragraphs 1-29 are incorporated by reference.

31.    At all pertinent times, Defendant Sheriff Bezotte, acting under the color of State law, had final authority to establish and enforce policies and practices on behalf

of Defendant Livingston County at the County Jail, including but not limited to establishing and/or implementing the following:

    A)    Correct screening, classification and segregation of dangerous inmates based on recognized security risks and criteria to protect other inmates and jail staff;

    B)    Adequate training of corrections officers, and specifically, training regarding management, segregation and supervision of dangerous inmates with high security classifications;

    C)    Adequate supervision and response procedures for dangerous inmates manifesting violent tendencies.

32. Upon information and belief, at all times relevant hereto, dangerous inmates lodged in the County Jail are housed and permitted to interact with other inmates without regard to security classification or other factors that increase the risk of violent interactions between inmates.

33. At all relevant times hereto, Defendants Livingston County, Sheriff Bezotte and Jail Administrator Cremonte refused to an did not establish guidelines or adequate procedures for screening, classifying and segregating dangerous inmates to prevent violence between inmates; alternatively, if guidelines or procedures do exist, they are grossly inadequate to insure the proper classification, segregation and supervision of inmate interactions to protect inmates from assaults by other inmates.

34. Defendant Livingston County has various policies, practices and customs which subjected Plaintiff to the deprivation of his constitutional rights, including:

    A)    Failure to provide correct and proper screening, classification, segregation and supervision of dangerous inmates with high security risks, which caused Plaintiff to be subjected to a brutal assault by another inmate;

    B)    Failure to provide adequate training of corrections officers, and specifically, training regarding management and supervision of dangerous inmates;

    C)    Failed to provide adequate supervision and response procedures for assaults and batteries committed by inmates with violent tendencies.

35.    As a direct and proximate result of conduct, acts and omissions of the Defendants Livingston County and Sheriff Bezotte, the Plaintiff was violently assaulted by inmate Ryan Backus, who was known to have violent tendencies and, upon information and belief, was known to be hostile towards the Plaintiff.

36.    As a direct and proximate result of Defendants Livingston County's and Sheriff Bezotte's deliberate indifference and gross negligence, Plaintiff suffered the following damages:

    A)    facial lacerations and fractures, including a broken nose and crushed eye socket;

    B)    closed head injury and brain trauma, including memory loss and blurred vision;

    C)    Aggravated brain damage sequelae, including seizure disorder, stuttering, and loss of cognitive function;

    D)    pain and suffering;

    E)    loss of earning capacity; and

    F)    loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests the Court enter Judgment in favor of the Plaintiff pursuant to 42 U.S.C. 1983 and state governmental liability statutes, MCL 691.1407(2), and award Plaintiff compensatory damages for economic and noneconomic loss under federal and state law, together with punitive and compensatory damages, interest, costs and attorney fees pursuant to 42 U.S.C. 1988.

## **COUNT II**

### **DELIBERATE INDIFFERENCE AND GROSS NEGLIGENCE OF DEFENDANTS LIVINGSTON COUNTY, SHERIFF BOB BEZOTTE AND JAIL ADMINISTRATOR, LIEUTENANT THOMAS CREMONTE- FAILURE TO CLASSIFY AND SEGREGATE INMATES**

37. Paragraphs 1-36 are incorporated by reference.

38. At all pertinent times, Defendant Sheriff Bezotte and Lieutenant Thomas Cremonte, acting under the color of state law, had final authority to establish policies and practices on behalf of Defendant Livingston County at the County Jail, including but not limited to establishing and/or implementing the following:

  A) Correct screening, classification, segregation and supervision of dangerous inmates with violent tendencies or who otherwise presented security or safety risks to other inmates or Jail staff;

  B) Adequate training of corrections officers, and specifically, training regarding screening, classification, segregation and supervision of dangerous inmates with violent tendencies or who otherwise present security or safety risks to other inmates;

  C) Adequate supervision and response procedures for physical assaults by dangerous inmates.

39. Defendants, despite a known risk and a clear need to act, were deliberately indifferent and grossly negligent in that they:

  A) Failed to provide correct and proper screening, classification, segregation and supervision of dangerous inmates to prevent physical attacks against other inmates, such as Plaintiff;

  B) Failed to provide adequate training of corrections officers, and specifically, training regarding screening, classification, segregation and supervision of dangerous inmates;

  C) Failed to provide adequate procedures to prevent and respond to assaults by inmates.

40. As a direct and proximate result of conduct, acts and omissions of the Defendants Livingston County, Sheriff Bezotte and Lieutenant Thomas Cremonte, the Plaintiff was violently assaulted by Backus, who was known to have violent tendencies and, upon information and belief, was known to be hostile towards the Plaintiff.

41. As a direct and proximate result of Defendants Livingston County's, Sheriff Bezotte's and Lieutenant Cremonte's deliberate indifference and gross negligence, Plaintiff suffered the following damages:

- A) facial lacerations and fractures, including a broken nose and crushed eye socket;
- B) closed head injury and brain trauma, including memory loss and blurred vision;
- C) Aggravated brain damage sequelae, including seizure disorder, stuttering, and loss of cognitive function;
- D) pain and suffering;
- E) loss of earning capacity; and
- F) loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests the Court enter Judgment in favor of the Plaintiff pursuant to 42 U.S.C. 1983 and State governmental liability statutes, MCL 691.1407(2), and award Plaintiff compensatory damages for economic and noneconomic loss under federal and state law, together with punitive and compensatory damages, interest, costs and attorney fees pursuant to 42 U.S.C. 1988.

## COUNT III

### UNCONSTITUTIONAL POLICY AND PRACTICE OF DEFENDANTS LIVINGSTON COUNTY and SHERIFF BOB BEZOTTE – FAILURE TO PROVIDE ADEQUATE MEDICAL CARE FOR INMATES

42. Paragraphs 1-41 are incorporated by reference.

43. At all pertinent times, Defendant Sheriff Bezotte, acting under the color of state law, had final authority to establish and enforce policies and practices on behalf of Defendant Livingston County at the County Jail, including but not limited to establishing and/or implementing the following:

    A)    Correct medical screening and classification of inmates with head injuries or other medical problems, such as Plaintiff;

    B)    Provision of adequate medical health care;

    C)    Provision of adequate hiring and training of County Jail staff, medical personnel and professionals;

    D)    Adequate training of corrections officers, and specifically, training regarding management and treatment of inmates with head injuries and other medical problems;

    E)    Adequate response procedures for inmates manifesting symptoms of serious medical problems; and

    F)    The enforcement of existing procedures regarding management and treatment of inmates with head injuries and other medical problems and for inmates manifesting symptoms of serious medical problems.

44. At all relevant times hereto, Defendants Livingston County, Sheriff Bezotte and Jail Administrator Cremonte refused to and did not establish guidelines or adequate procedures for providing adequate medical care for inmates or training for their officers to adequately respond to inmates manifesting symptoms of serious medical problems; alternatively, if guidelines or procedures do exist, they are grossly inadequate to insure the proper medical care for inmates or training for officers.

45. Defendant Livingston County has various policies, practices and customs which subjected Plaintiff to the deprivation of his constitutional rights, including:

G) Failure to provide correct and proper medical screening and classification of inmates with head injuries or other medical problems such as Plaintiff;

H) Failure to provide adequate medical health care;

I) Failure to provide adequate hiring and training of County Jail staff, medical personnel and professionals;

J) Failure to provide adequate training of corrections officers, and specifically, training regarding management and treatment of inmates with head injuries and other medical problems;

K) Failure to provide adequate response procedures for inmates manifesting symptoms of serious medical problems; and

L) Failed to enforce and implement existing procedures regarding management and treatment of inmates with head injuries and other medical problems and for inmates manifesting symptoms of serious medical problems.

46. As a direct and proximate result of conduct, acts and omissions of the Defendants Livingston County and Sheriff Bezotte,

A) facial lacerations and fractures, including a broken nose and crushed eye socket;

B) closed head injury and brain trauma, including memory loss and blurred vision;

C) Aggravated brain damage sequelae, including seizure disorder, stuttering, and loss of cognitive function;

D) pain and suffering;

E) loss of earning capacity; and

F) loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests the Court enter Judgment in favor of the Plaintiff pursuant to 42 U.S.C. 1983 and State governmental liability statutes, MCL 691.1407(2), and award Plaintiff compensatory damages for economic and

noneconomic loss under federal and state law, together with punitive and compensatory damages, interest, costs and attorney fees pursuant to 42 U.S.C. 1988.

## COUNT IV

### DELIBERATE INDIFFERENCE AND GROSS NEGLIGENCE OF DEFENDANTS LIVINGSTON COUNTY, SHERIFF BOB BEZOTTE AND JAIL ADMINISTRATOR LIEUTENANT THOMAS CREMONTE

47. Paragraphs 1-46 are incorporated by reference.

48. At all pertinent times, Defendants Sheriff Bezotte and Lieutenant Cremonte, acting under the color of state law, had authority to establish and/or implement policies and standards on behalf of Defendant Livingston County at the County Jail, including but not limited to establishing and/or implementing the following:

- M) Correct medical screening and classification of inmates with head injuries or other medical problems, such as Plaintiff;
- N) Provision of adequate medical health care;
- O) Provision of adequate hiring and training of County Jail staff, medical personnel and professionals;
- P) Adequate training of corrections officers, and specifically, training regarding management and treatment of inmates with head injuries and other medical problems;
- Q) Adequate response procedures for inmates manifesting symptoms of serious medical problems; and
- R) The enforcement of existing procedures regarding management and treatment of inmates with head injuries and other medical problems and for inmates manifesting symptoms of serious medical problems.

49. Defendants Sheriff Bezotte and Lieutenant Thomas Cremonte, despite a known risk and a clear need to act, were deliberately indifferent and grossly negligent in that they:

      A)      Failed to provide correct and proper medical screening and classification of inmates with head injuries or other medical problems, such as Plaintiff;

      B)      Failed to provide adequate medical health care;

      C)      Failed to provide adequate hiring and training of County Jail staff, medical personnel and professionals;

      D)      Failed to provide adequate training of corrections officers, and specifically, training regarding management and treatment of inmates with head injuries and other medical problems;

      E)      Failed to provide adequate response procedures for inmates manifesting symptoms of serious medical problems; and

      F)      Failed to enforce and implement existing procedures regarding management and treatment of inmates with head injuries and other medical problems and for inmates manifesting symptoms of serious medical problems.

50. As a direct and proximate result of Defendants Sheriff Bezotte's and Lieutenant Cremonte's deliberate indifference and gross negligence, Plaintiff suffered the following damages:

      A)      facial lacerations and fractures, including a broken nose and crushed eye socket;

      B)      closed head injury, including memory loss and blurred vision and permanent brain damage;

      C)      pain and suffering;

      D)      loss of earning capacity; and

      E)      loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests the Court enter Judgment in favor of the Plaintiff pursuant to 42 U.S.C. 1983 and State governmental liability statutes, MCL 691.1407(2), and award Plaintiff compensatory damages for economic and

noneconomic loss under federal and state law, together with punitive and compensatory damages, interest, costs and attorney fees pursuant to 42 U.S.C. 1988.

## COUNT IV

### DELIBERATE INDIFFERENCE AND GROSS NEGLIGENCE OF DEFENDANTS "UNKNOWN CORRECTIONS OFFICERS" TO BE IDENTIFIED

51. Paragraphs 1-50 are incorporated by reference.

52. Defendants "Unknown Corrections Officers" (to be identified), knew that Plaintiff needed medical attention and that he faced a strong and substantial risk of harm if he was denied medical treatment, because *inter alia* they observed and/or knew that he had suffered serious injuries to his face and skull; and they observed and/or knew that he was in extreme pain and was complaining of headaches and blurred vision, and ringing in his ears.

53. Due to their specific knowledge of the risk of harm and physical custody of Plaintiff, Defendants "Unknown Corrections Officers" had a "special relationship" with Plaintiff.

54. Defendants "Unknown Corrections Officers" were deliberately indifferent and grossly negligent in that they:

   A) Failed to provide Plaintiff with prompt and appropriate medical care;

   B) Failed to follow Livingston County's and the County Jail's policies and procedures regarding providing prompt and appropriate medical care to head injured inmates and inmates manifesting symptoms of serious medical problems;

   C) Failed to contact and summon medical professionals to assist and treat Plaintiff;

   D) Failed to refer Plaintiff to appropriate specialists to diagnose and treat Plaintiff's closed head injury.

55. As a direct and proximate result of Defendants' deliberate indifference and gross negligence, Plaintiff suffered the following damages:

    A) closed head injury with memory loss and blurred vision;

    B) pain and suffering;

    C) loss of earning capacity;

    D) loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests the Court enter Judgment in favor of the Plaintiff pursuant to 42 U.S.C. 1983 and State governmental liability statutes, MCL 691.1407(2), and award Plaintiff compensatory damages for economic and noneconomic loss under federal and state law, together with punitive and compensatory damages, interest, costs and attorney fees pursuant to 42 U.S.C. 1988.

Dated: February 26, 2009

By:   Grant W. Parsons
    Grant W. Parsons
    Parsons Ringsmuth Zelenock PLC
    Attorneys for Plaintiffs
    520 S. Union, P.O. Box 1710
    Traverse City MI  49685-1710
    (231) 929-3113
    info@parsonsringsmuth.com
    P38214

## **JURY DEMAND**

NOW COMES Plaintiff, by and through counsel, and hereby makes his demand for trial by jury in this matter.

|  |  |
|---|---|
| Dated: February 26, 2009 | By: __Grant W. Parsons_____<br>Grant W. Parsons<br>Parsons Ringsmuth Zelenock PLC<br>Attorneys for Plaintiffs<br>520 S. Union, P.O. Box 1710<br>Traverse City MI  49685-1710<br>(231) 929-3113<br>info@parsonsringsmuth.com<br>P38214 |