UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HOXIE,

        Plaintiff,

                                              Case No. 09-CV-10725
vs.                                    HON. GEORGE CARAM STEEH

LIVINGSTON COUNTY, et al.,

        Defendant.

_____/

ORDER GRANTING DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS (#8),
DISMISSING PLAINTIFF'S STATE LAW CLAIMS WITH PREJUDICE,
DISMISSING PLAINTIFF'S FEDERAL CLAIMS WITHOUT PREJUDICE,
AND GRANTING PLAINTIFF LEAVE TO
FILE AN AMENDED COMPLAINT ON OR BEFORE JULY 31, 2009

Defendants Livingston County, Sheriff Robert Bezotte, Undersheriff Michael Murphy, Lieutenant Thomas Cremonte, and Officers Matthew Hoffman, Matthew Young, and Cheryl Miks move for judgment on the pleadings as to plaintiff Gregory Hoxie's federal 42 U.S.C. § 1983 claims and state law claims of failure to screen and segregate dangerous inmates, and deliberate indifference to medical needs. The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motion. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

I. BACKGROUND

Plaintiff Gregory Hoxie filed a complaint on February 26, 2009 alleging he became an inmate of the Livingston County Jail on August 27, 2005. Hoxie alleges that on March

18, 2006, one of the unknown defendants placed him in a visiting booth, which at the time was also occupied by fellow inmate Ryan Backus. Hoxie alleges that almost immediately, he was assaulted by Backus and sustained "serious injuries including, but not limited to, facial fractures, broken nose, and closed head injury." Complaint, ¶ 19, at 4. Hoxie alleges that at the time of the assault Backus was classified as a maximum security inmate because of his violent tendencies and his history of assaultive behavior while incarcerated in the County Jail. Further, Hoxie alleges defendants were aware that Backus did not like Hoxie, and that Hoxie was at risk of being assaulted when placed with Backus in the visiting booth. Lastly, Hoxie alleges that, despite his conspicuous injuries and disorientated state, the defendants failed to provide him with medical care after the assault and he was still not adequately treated for his injuries at the time he was released on May 23, 2006.

Defendants move for judgment on the pleadings arguing Hoxie's federal 42 U.S.C. § 1983 claims and state M.C.L. § 691.1407(2) claims are barred by the two-year statute of limitations set forth in M.C.L. § 600.5805(7). Defendants maintain that in the event the court determines that the state claims are not barred by the statute of limitations, these claims are subject to dismissal based on governmental immunity under M.C.L. § 691.1407. Defendants assert Hoxie's § 1983 claims are also subject to dismissal for failure to identify an applicable constitutional amendment. Defendants argue that Hoxie's § 1983 claims against Sheriff Bezotte and Lieutenant Cremonte should be dismissed because the claims are based on a theory of supervisory liability and not on any personal unconstitutional conduct. Defendants assert that the § 1983 claims against defendants Undersheriff Murphy, and Officers Young, Hoffman, and Miks should be dismissed because Hoxie did

not attribute any constitutional violations to these defendants among the factual allegations in the complaint.

## II.  STANDARD OF REVIEW

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Sensations, Inc. v. City of Grand Rapids, 526 F.3d, 291, 295-96 (6th Cir. 2008).  Rule 12(b)(6) allows the court to assess whether the plaintiff has stated a claim upon which relief may be granted.  This court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether the plaintiff's factual allegations present plausible claims.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1964-65) (citations and quotations omitted).  Although the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  Id. (citing Bell Atlantic, 127 S. Ct. at 1965).

## III. STATUTE OF LIMITATIONS

### A.  Federal Claims

The Supreme Court has held that because 42 U.S.C. § 1983 does not contain a limitations period, federal courts should apply the state statute of limitations that is most analogous to a § 1983 cause of action.  Johnson v. Railway Express Agency, 421 U.S. 454,

3

462 (1975). It is the defendants' position that the most analogous Michigan statute to the § 1983 claims set forth by Hoxie is M.C.L. § 600.5801(7), as it pertains to actions "against a sheriff charging misconduct or neglect of office by the sheriff or the sheriff's deputies." Defendants maintain that because Hoxie filed his complaint on February 26, 2009 and the alleged attack in the visiting booth occurred on March 18, 2006, the two-year limitation period contained in M.C.L. § 600.5801(7) time-bars Hoxie's § 1983 claims against all defendants.

The Supreme Court has held that the state statute governing personal injuries is most analogous to a § 1983 cause of action. <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985). When a state has more than one personal injury statute, the federal court should apply the residual or general statute for personal injury actions. <u>Owens v. Okure</u>, 488 U.S. 235, 249-50 (1989). The Sixth Circuit has since held that Michigan's three-year statute of limitations for general personal injury claims found in M.C.L. § 600.5801(10) is the applicable statute of limitations for § 1983 claims arising out of events that took place in Michigan. <u>E.g.</u>, <u>McCune v. Grand Rapids</u>, 842 F.2d 903, 905 (6th Cir. 1988). Because Hoxie filed his complaint less than three years from the time of the alleged events, his § 1983 claims do not fall outside of the applicable limitations period and, therefore, are not subject to dismissal based on the expiration of the statute of limitations.

<u>B. State Claims</u>

Hoxie's state law claims of gross negligence are rooted in Michigan's governmental immunity statute, which states that officers and employees of a governmental agency are immune from tort liability for injuries they cause while acting in the course of their employment unless their conduct was grossly negligent and such conduct was the

proximate cause of the alleged injuries or damage.  M.C.L. § 691.1407(2).  Negligence claims in Michigan are typically governed by M.C.L. § 600.5805(10), which sets forth a three-year limitations period for general personal injury claims.  Defendants argue that the two-year limitations period in M.C.L. § 600.5805(7) more narrowly fits the claims asserted in this case, as it pertains specifically  to claims "against a sheriff charging misconduct or neglect of office by the sheriff or the sheriff's deputies."

The court agrees, and rejects Hoxie's argument that, by its plain terms, M.C.L. § 600.5805(7) applies only to claims against Sheriff Bezotte because subsecton (7) states that it pertains to "action[s] against a sheriff" and makes no specific mention to actions against deputies or other officers.  Such a narrow reading of the statute has not been adopted by courts.  <u>Perreault v. Hostetler</u>, 884 F.2d 267, 269 n.2 (6th Cir. 1989) (stating that M.C.L. § 600.5805(7) sets a two-year period of limitations for actions against a sheriff or sheriff's deputies); <u>Hukarevic v. Menominee County</u>, No. 91-266, 1993 U.S. Dist LEXIS 9141 (W.D. Mich. May 21, 1993) (extending application of M.C.L. § 600.5805(7) beyond sheriffs and deputies to dismiss state claims against state police officers), <u>aff'd</u>, No. 93-1892 1994 U.S. App. LEXIS 31276 (6th Cir. Nov. 4, 1994);  <u>McCloskey v. City of Pontiac</u>, No. 05-73936, 2007 U.S. Dist. LEXIS 6779 (E.D. Mich. Jan. 31, 2007) (dismissing state law claims of misconduct against city police officers pursuant to M.C.L. § 600.5805(7)).

The two-year limitations period under M.C.L. § 600.5805(7) applies to Hoxie's gross negligence claims against Sheriff Bezotte, Undersheriff Murphy, Lieutenant Cremonte, and Officers Young, Hoffman, and Miks.  Because Hoxie filed his complaint on February 26, 2009, more than two years after the alleged attack on March 18, 2006, his state claims of gross negligence against the aforementioned defendants are barred by the statute of

limitations as a matter of law.

It does not appear that defendant Livingston County is subject to the two-year limitation period set forth in M.C.L. § 600.5805(7), and arguments to the contrary have not been made. Therefore, the state claims of gross negligence against Livingston County are subject to the three-year limitation period set forth in M.C.L. § 600.5805(10) and are not time-barred.

<u>IV.  STATE GOVERNMENTAL IMMUNITY</u>

Although the court has found individual defendants entitled to dismissal of state law claims as time barred, consideration of their alternate argument based on immunity is also appropriate.  Defendants Sheriff Bezotte, Undersheriff Murphy, Officers Hoffman, Young, and Miks, and Livingston County assert governmental immunity under Michigan law from Hoxie's state claims of gross negligence.  Because individual defendants may be afforded governmental immunity pursuant to different sections of M.C.L. § 691.1407, the court has analyzed each of them separately.

A.  <u>Sheriff Bezotte</u>

Plaintiff does not dispute that Sheriff Bezotte enjoys governmental immunity pursuant to M.C.L. § 691.1407(5) from all of Hoxie's state claims.  Subsection (5) provides immunity to government employees when two conditions are met: (1)  the employee must be the highest elected executive official at any level of government, and (2) the employee must be acting within his or her executive authority. <u>Ross v. Consumers Power Co.</u>, 420 Mich. 567, 592, 363 N.W.2d 641 (1984).  In this case, the first prong is met, as Sheriff Bezotte is the highest elected official of the Livingston County Sheriff's Department.  <u>See</u> <u>Frame v. Royal Oak Twp. Fire Dep't</u>, 2003 Mich. App. LEXIS 1894 (Aug. 12, 2003).  The

6

second prong is met because Hoxie seeks to hold Sheriff Bezotte liable in his supervisory capacity; supervision of departmental employees is conduct deemed to be within an executive official's executive authority.  Washington v. Starke, 173 Mich. App. 230, 241, 433 N.W.2d 834 (1988).  All state claims alleged against Sheriff Bezotte are also subject to dismissal with prejudice on the grounds of governmental immunity for the failure to state plausible claims in avoidance of that doctrine. See Bell Atlantic, 127 S. Ct. at 1964-65.

### B.  Undersheriff Murphy and Officers Hoffman, Young, and Miks

Defendants seek to dismiss Hoxie's state claims against Undersheriff Murphy, and Officers Hoffman, Young, and Miks on grounds of governmental immunity.  Pursuant to M.C.L. § 691.1407(2), officers and employees of a governmental agency are immune from tort liability if the alleged conduct occurred during the course of their employment and (1) they were acting or reasonably believed they were acting within the scope of their authority, (2) their agency was engaged in a governmental function, and (3) they were not grossly negligent.  Based on the pleadings as they currently exist, defendants Murphy, Hoffman, Young, and Miks are immune from all of Hoxie's state claims of gross negligence.

There is no dispute with regard to the first two requirements.  Hoxie alleges in his complaint that at all pertinent times these defendants were acting in their capacity as employees of the County Jail.  Complaint, ¶ 2, at 4, 6-8.  It is undisputed that the events forming the basis of Hoxie's claims occurred during the exercise or discharge of a governmental function. The alleged conduct occurred while Hoxie was incarcerated at Livingston County Jail, and Michigan courts have recognized that the operation and maintenance of a jail is a uniquely governmental function.  E.g., Wojtasinski v. Saginaw, 74 Mich. App. 476, 477, 254 N.W.2d 71 (1977).

7

Turning to the third requirement, gross negligence is defined by Michigan statute as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." M.C.L. § 691.1407(7)(a).  See also, Jennings v. Southwood, 446 Mich. 125, 136, 521 N.W.2d 230 (1994). Hoxie does allege "gross negligence," but only with respect to the conduct of defendants Livingston County, Sheriff Bezotte, and Lieutenant Cremonte.  Even construing the pleadings in a light most favorable to the plaintiff, Hoxie has alleged *no facts* from which the court can reasonably infer a showing of gross negligence on behalf of Murphy, Hoffman, Young, and Miks.  Hoxie's conclusionary allegation of "gross negligence" is insufficient to allege a plausible claim. See Bell Atlantic, 127 S. Ct. at 1964-65.  Even if timely, Hoxie's claims of gross negligence as alleged against defendants Murphy, Hoffman, Young, and Miks are also subject to dismissal absent factual allegations from which to infer reckless conduct.  M.C.L. § 691.1407(7)(a).

C.  Livingston County

Defendant Livingston County seeks dismissal of Hoxie's state claims pursuant to M.C.L. § 691.1407(1), which states that, "[e]xcept as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function."  It is clear that Livingston County is a governmental agency, as defined by M.C.L. § 691.1401(b) and (d).  The only way Hoxie can pierce Livingston County's governmental immunity is to make a showing that the county's employees committed a tort while engaged in a non-governmental or proprietary activity, or that the conduct falls within a statutory exception.  Ross v. Consumers Power Co., (on rehearing), 420 Mich. 567, 592, 625, 363 N.W.2d 641 (1984).  Because Hoxie has alleged *no facts* for the court to infer that either of these conditions were present in this

case, the state claims as alleged in the complaint against Livingston County are barred by governmental immunity.

Hoxie seeks to hold Livingston County liable for the conduct and acts of its employees engaging in the operation and maintenance of the County Jail, which is a recognized governmental function. See, e.g., Roberts v. City of Troy, 170 Mich. App. 567, 575, 429 N.W.2d 206 (1988). Additionally, Hoxie alleges that at all pertinent times, the defendants were acting in their capacity as employees of Livingston County.

Hoxie has not alleged the existence of any of the five statutory exceptions to governmental immunity. The five exceptions are: (1) maintenance of public highways, M.C.L. § 691.1402; (2) negligent operation of governmental-owed vehicles, M.C.L. § 691.1405; (3) public building defects, M.C.L. § 691.1406; (4) ownership and operation fo a governmental hospital, M.C.L. § 601.1407(4); (5) performance of proprietary functions by government entities, M.C.L. § 691.1413. Looney v. City of Detroit, 2004 U.S. Dist. LEXIS 28493 (E.D. Mich. Sept. 29, 2004). Rather than contending that these exceptions apply, Hoxie argues that his gross negligence allegations against the defendant-employees of Livingston County constitute an exception to the County's governmental immunity pursuant to M.C.L. § 691.1407(2)(c). However, as defendants correctly indicate, the gross negligence exception only applies to individual public officers and employees, not to governmental agencies. Gracey v. Wayne Co. Clerk, 213 Mich. App. 412, 420, 540 N.W.2d 710 (1995) overruled in part on other grounds, American Transmissions, Inc. v. Attorney General, 454 Mich. 135, 143, 560 N.W.2d 50 (1997). In a similar case involving claims of gross negligence resulting in the death of an inmate, a Michigan federal district court found that defendant corrections officers did not have governmental immunity under

M.C.L. § 691.1407(2) from claims of gross negligence, but absent a showing of a statutory exception, the county did have governmental immunity from liability for the officers' conduct under M.C.L. § 691.1407(1). <u>Vine v. County of Ingham</u>, 884 F. Supp. 1153, 1161, 1166 (W.D. Mich. 1995). Livingston County is entitled to dismissal of Hoxie's state law claims with prejudice pursuant to M.C.L. § 691.1407(2). <u>See</u> <u>Bell Atlantic</u>, 127 S. Ct. at 1964-65.

V.  ADEQUACY OF THE PLEADINGS

A. Constitutional Amendment as to all Defendants

Hoxie alleges under 42 U.S.C. § 1983 that all of the defendants violated his constitutional rights by engaging in conduct including failure to classify and segregate inmates, failure to provide adequate medical care, deliberate indifference, and gross negligence. Defendants seek dismissal of these claims on grounds that Hoxie alleges constitutional violations in undefined and vague terms only, and does not provide defendants with fair notice regarding which constitutional amendment they allegedly violated.

When scrutinizing defendants' motion for dismissal of Hoxie's civil rights claims with special care, <u>Kent v. Johnson</u>, 821 F.2d 1220, 1223 (6th Cir. 1987), the court is unable to ascertain the constitutional amendment on which Hoxie relies to support his § 1983 claims. To state an actionable claim under § 1983, Hoxie must allege the violation of a right secured by the Federal Constitution or federal statute. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Although Hoxie's "complaint need not set down in detail all the particularities of [his] claim," <u>Westlake v. Lucas</u>, 537 F.2d 857, 858 (6th Cir. 1976), Hoxie is required to give the defendants fair notice of his claim for relief. Fed. R. Civ. P. 8(a)(2).

It is clear from the complaint that Hoxie was incarcerated at the Livingston County

10

Jail at the time of the alleged unconstitutional conduct.  However, the court is unable to plausibly infer whether Hoxie was a detainee awaiting trial or sentencing, or whether he had already been convicted and was serving his sentence.  This distinction is of considerable importance because "which amendment applies depends on the status of the plaintiff at the time of the incident, whether free citizen, convicted prisoner, or something in between." Phelps v. Coy, 286 F.3d 295, 299 (6th Cir. 2002) (citing Gravely v. Madden, 142 F.3d 345, 348-49 (6th Cir. 1998)).  If Hoxie had already been convicted when he was incarcerated in the Livingston County Jail, the Eight Amendment would apply.  If Hoxie was a pre-trial detainee, then the more general due process clause of the Fourteenth Amendment applies. The inquiry into Hoxie's status "is not merely academic, for the standards vary significantly according to which amendment applies." Id. (quoting Darrah v. City of Oak Park, 255 F.3d 301, 306 (6th Cir. 2001)).

The court cannot plausibly construe from the alleged facts which amendment Hoxie relies on to support his § 1983 claims.  Hoxie's § 1983 claims against all defendants will be dismissed without prejudice. See Bell Atlantic, 127 S. Ct. at 1964-65.

B. Factual Allegations as to Defendants Murphy, Young, Hoffman, and Miks

In addition to the preceding analysis, defendants argue that Hoxie's 42 U.S.C. § 1983 claims are subject to dismissal with respect to defendants Murphy, Young, Hoffman, and Miks because Hoxie has failed to allege any facts indicating that these defendants were directly involved in any of the conduct of which he complains, or that they encouraged or condoned the alleged unconstitutional conduct of other individuals.  While the court must "construe the complaint liberally in [Hoxie's] favor," Westlake, 537 F.2d at 858, and Hoxie's complaint "need not set down in detail all the particularities of [his] claim," id., insufficient

11

facts have been alleged to provide these defendants with fair notice as to how they allegedly were directly involved in, encouraged, or condoned unconstitutional conduct. Defendants Murphy, Young, Hoffman, and Miks are entitled to dismissal of Hoxie's § 1983 claims without prejudice absent any references to a factual basis plausibly supporting these claims.  See Bell Atlantic, 127 S. Ct. at 1964-65.

Hoxie argues that all of the defendants violated his constitutional rights by failing to properly segregate and classify inmates, and for failing to provide adequate medical treatment.  Hoxie does not indicate what role defendants Murphy, Hoffman, Young, and Miks allegedly had in these constitutional violations.  The only mention of any of these defendants in Hoxie's complaint are found in the "Common Allegations" section, which states that "the Plaintiff was 'booked' and received medical screening at the Livingston County Jail for a non-violent offence by Defendant Cheryl Miks," and that "[p]laintiff received no medical screen from Deputy Matthew Young, who attested Hoxie was in good physical health and mental health." Complaint, ¶ 13, at 3.  Defendants Hoffman and Murphy were not mentioned at all in the "Common Allegations" section.  None of these defendants were mentioned in Counts I through V.

Hoxie asserts he was injured on account of these defendants' gross negligence. Michigan's governmental immunity statute defines "gross negligence" as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." M.C.L. § 691.1407(7)(a).  Courts have interpreted this statute to mean that to be grossly negligent is to "flaunt or otherwise disregard one's duty of care in a particularly callous manner."  Schreiber v. County of Crawford, 2002 U.S. Dist. LEXIS 15349 (E.D. Mich. Aug. 20, 2002).  The court is unable to plausibly infer from Hoxie's limited factual allegations how

12

one or more of these defendants acted in "a particularly callous manner."  Id.; Bell Atlantic,
127 S. Ct. at 1964-65.  Hoxie's federal claims as alleged against defendants Murphy,
Young, Hoffman, and Miks will be dismissed without prejudice for lack of a factual basis.
Id.  As concluded earlier in this opinion, even if factually corrected, Hoxie's state claims as
alleged against these defendants are subject to dismissal with prejudice because of the
expiration of the statute of limitations.  See Section III, B, supra.

> C. Supervisory Liability Under § 1983 for Defendants Bezotte and Cremonte

Defendants urge additional reasons for the court to dismiss Hoxie's 42 U.S.C. §
1983 claims as alleged against Sheriff Bezotte and Lieutenant Cremonte because the
conduct Hoxie alleges violated his constitutional rights is based on failure to adequately
train or supervise, and not on any direct, personal conduct.  The Sixth Circuit addressed
the issue of when supervisory personnel may be held personally liable for constitutional
violations in Hays v. Jefferson, 668 F.2d 869, 872 (6th Cir.), cert. denied, 459 U.S. 833
(1982), when it stated "a failure of a supervisory official to supervise, control, or train the
offending individual employees is not actionable absent a showing that the official either
encouraged or in some way directly participated in it." Hoxie seeks to hold Sheriff Bezotte
and Lieutenant Cremonte personally liable for failing to establish procedures and provide
adequate supervision for inmate screening, classification and medical care of inmates.
Hoxie has not alleged any facts from which the court may plausibly infer that these
defendants authorized, approved, or knowingly acquiesced in any unconstitutional conduct
by their subordinates.  See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984); Bell
Atlantic, 127 S. Ct. at 1964-65.  Hoxie's § 1983 claims as alleged against Sheriff Bezotte
and Lieutenant Cremonte in their individual capacities will be dismissed without prejudice.

## VI.  CONCLUSION

For the reasons set forth above, the defendants' motion for judgment on the pleadings is hereby GRANTED to the extent that Hoxie's state claims as alleged against all defendants are hereby DISMISSED with prejudice; Hoxie's federal 42 U.S.C. § 1983 claims alleged against all defendants are hereby DISMISSED, WITHOUT PREJUDICE, for failure to identify the constitutional amendment allegedly violated and lack of a sufficient factual basis.[1]  Plaintiff Hoxie is hereby GRANTED leave to file an Amended Complaint on or before July 31, 2009 to correct the deficiencies in his federal claims as explained herein.

SO ORDERED.

Dated:  July 9, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 9, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---

[1] The parties did not address Count V alleged against "Unknown Corrections Officers."

14