UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HOXIE,

        Plaintiff,

vs.

        Case No. 09-CV-10725
        HON. GEORGE CARAM STEEH

LIVINGSTON COUNTY, et al.,

        Defendants.

_____/

## ORDER GRANTING DEFENDANT SIMPSON'S MOTION TO SET ASIDE DEFAULT (# 33)

Defendant D.O. Sheryl Simpson moves to set aside the clerk's September 17, 2009 entry of her default. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Plaintiff Gregory Hoxie filed a July 31, 2009 Amended Complaint, first naming Simpson as a party-defendant in this 42 U.S.C. § 1983 action alleging inter alia that the defendants, including Simpson, were deliberately indifferent to his need for medical treatment while incarcerated within the Livingston County Jail. Hoxie filed a request for entry of Simpson's default on September 16, 2009 attesting that Simpson was served with the summons and complaint on August 24, 2009, and had not filed an answer within 20 days, or by September 14, 2009. The clerk filed Simpson's default on September 17, 2009.

Three days later, on September 18, 2009, Simpson filed the instant motion to set aside the default, attesting that she never received a copy of the Amended Complaint or a summons, but instead received only a copy of the original February 26, 2009 Complaint from a Livingston County Sheriff's Lieutenant during the week of August 31, 2009 when she

went to the Jail as part of her two-day work schedule.  Simpson argues that she has a meritorious statute of limitations defense.

An entry of default may be set aside upon "good cause shown."  Fed. R. Civ. P. 55(c).  In exercising its discretion in deciding whether to set aside a default, a district court should consider: (1) whether the default was willful; (2) whether the plaintiff will be prejudiced; and (3) whether the defendant has a meritorious defense.  United Coin Meter Co. Inc. v. Seaboard Coastline Railroad, 705 F.2d 839, 844 (6th Cir. 1983).  There is an "overriding policy disfavoring defaults."  See Savin Corporation v. C.M.C. Corporation, 98 F.R.D. 509, 512 (N. D. Ohio 1983).

Consistent with Simpson's attestations that she received only a copy of the original Complaint, and process server Frederick Bishop's attestation that he "served Supervisor Under Sheriff Mike Murphy" on August 24, 2009, Simpson's default for failing to file an answer to the July 31, 2009 Amended Complaint could not, by any means, be considered willful.  Hoxie admits that he will not be prejudiced if the default is set aside.  Simpson has proffered a meritorious defense.  Accordingly,

Defendant Simpson's motion to set aside default is hereby GRANTED.  Defendant Simpson's September 17, 2009 default (# 31) is hereby SET ASIDE.  The court declines Hoxie's request that the court order Simpson to file an answer within 20 days of this order because the court is not persuaded that Simpson has yet been properly served.

SO ORDERED.

Dated: October 8, 2008

                                            s/George Caram Steeh  
                                            GEORGE CARAM STEEH  
                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 8, 2009, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk