UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GREGORY HOXIE,**

       **Plaintiffs,**             **CIVIL ACTION NO. 09-CV-10725**

  **vs.**                       **DISTRICT GEORGE CARAM STEEH**

**LIVINGSTON COUNTY,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

       **Defendants.**
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 39)**

This matter comes before the Court on Plaintiff's First Motion To Compel Directed To Livingston County Defendants And For Sanctions, And For The Extension Of Scheduling Order Deadlines filed on November 10, 2009.  (Docket no. 39).  Defendant Sheryl Simpson, D.O. filed a Response To Plaintiff's First Motion To Compel on November 13, 2009.  (Docket no. 40).  The remaining Defendants without Dr. Simpson (the "Livingston County" or "LC" Defendants) filed a Response To Plaintiff's First Motion To Compel on December 1, 2009.  (Docket no. 48).  Plaintiff filed a Reply To Defendant Livingston County's Response To Plaintiff's Motion To Compel on December 7, 2009.  (Docket no. 50).  The parties filed a Joint Statement Of Resolved/Unresolved Issues As They Relate To Document No. 43 on December 14, 2009.  (Docket no. 51).  The LC Defendants filed a Statement Of Resolved/Unresolved Issues As They Relate To Document No. 43 on December 14, 2009.  (Docket no. 52).  All discovery motions have been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 41).

-1-

The Court heard oral argument on this matter on December 21, 2009. The motion is now ready for ruling.

## I. Factual Background

The LC Defendants were served with Plaintiff's First Discovery Requests on May 27, 2009. On June 17, 2009 the LC Defendants served objections to some of the discovery requests and produced only some responsive documents. Plaintiff's counsel made multiple requests that the LC Defendants produce the outstanding discovery responses. On September 17, 2009 Plaintiff served his Second Discovery Requests on Defendant Livingston County and Defendants Bezotte, Cremonte and Murphy. On October 16, 2009 the LC Defendants served their objections to some of the Second Requests. Plaintiff seeks to compel the outstanding discovery responses and responsive documents and asks that the scheduling order be extended. Fed. R. Civ. P. 16, 37. (Docket no. 39). The current deadline for discovery was October 30, 2009[1]. (Docket no. 10, 39).

## II. Analysis

### A. Plaintiff's Motion To Extend Discovery

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiff has shown good cause to extend the discovery due date due to the filing of the amended complaint, joining of Defendant Simpson and the LC Defendants' failure to provide any responses to Plaintiff's discovery requests or deposition dates. (Docket no. 39). According to

---

[1]Pending before the District Court are Defendant Simpson's 12(b)(6) Motion to Dismiss (docket no. 38, filed on October 28, 2009) and the LC Defendants' Renewed Motion for Judgment on the Pleadings (docket no. 49, filed on December 1, 2009). Pending with the Court is the LC Defendants' Motion For Protective Order Staying Discovery Pending Dispositive Motions Of Defendants filed on December 15, 2009. (Docket no. 54). Plaintiff's time to respond to Defendants' Motion has not yet passed. Upon review of Defendants' Motion to Stay and the underlying dispositive motion pleadings, the Court is not convinced that justice is served by further staying discovery, some of which is already more than six months past due, without allowing Plaintiff to respond to Defendants' motion. Defendants' Motion (docket no. 54) will be considered in due course.

the Joint Statements, as confirmed at the hearing, the parties agree to a six month extension of discovery. The Court will grant Plaintiff's Motion To Extend as set forth below.

### B. Plaintiff's Motion To Compel Discovery

### 1. Relevance

Plaintiff argues that Defendants' discovery responses to date are incomplete. The LC Defendants served responses and/or objections to only a portion of the Discovery Requests and have produced only portions of the requested policy and procedure documents. They object that most of Plaintiff's requests ask for information beyond the scope of discovery and they request a protective order in accordance with Fed. R. Civ. P. 26(b)(2)(C) and 26(c) preventing Plaintiff from obtaining discovery not contemplated by Rule 26(b)(1). The Court will deny the LC Defendants' request for a protective order which was raised in their Response Brief. It is not properly before the Court by motion, and the Court finds that the benefit of the information, documents and items sought by Plaintiff's requests outweighs the burden in the LC Defendants in responding and production. Fed. R. Civ. P. 26(b)(2)(C)(iii). The Court finds that the majority of Plaintiff's discovery requests are relevant to Plaintiff's claims and/or the defenses in this matter except, as discussed below, the May 2009 Discovery Request Nos. 2, 4, 5, 7, 8 and 9 which are overly broad as written and will be limited in scope. Fed. R. Civ. P. 26(b)(1).

### 2. May 2009 Discovery Requests

Plaintiff served his first set of discovery on May 27, 2009. The LC Defendants served timely objections on June 17, 2009 to Request Nos. 2 and 4-10[2]. The LC Defendants failed to timely

---

[2] On July 9, 2009 the District Court Judge dismissed Plaintiff's state law claims with prejudice, dismissed his federal claims without prejudice and gave Plaintiff until July 31, 2009 to file an Amended Complaint. (Docket no. 13). Plaintiff timely filed the Amended Complaint. (Docket no. 14). The District Court's Order did not address Plaintiff's first set of outstanding discovery. Neither party provided legal authority to show whether this discovery was foreclosed by,

-3-

respond or object to the Request Nos. 1 and 3 and have therefore waived any objection to producing these responses in full.  "As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 'constitutes a waiver of any objection.'"  *See Carfagno v. Jackson National Life Ins.*, 2001 U.S. Dist. LEXIS 1768 *3 (W.D. Mich. Feb. 13, 2001) (no exception for work product and attorney-client material under the waiver); *see also* Fed. R. Civ. P. 33(b)(4); *Phillips v. Dallas Carriers Corp.*, 133 F.R.D. 475, 477 (M.D.N.C. 1990) (Rule 34 waiver).  Courts will examine the circumstances of each case to determine whether enforcement of the waiver is equitable, including the reason for tardy compliance, prejudice to the opposing party and the facial propriety of the discovery requests.  *See Carfagno*, 2001 U.S. Dist. LEXIS 1768 at *5-6.  The Court finds that Request Nos. 1 and 3 are relevant and proper, not overly broad, and that waiver as to these requests will not prejudice Defendants.

Request Nos. 2, 4, 5, 7, 8, and 9 were timely objected to by Defendants as overly broad, irrelevant and/or burdensome. The Court agrees that they are, as written, overly broad and their relevance is not clear.  Plaintiff has agreed to narrow the scope of the requests to relevant information as follows:

**Request No. 2:** Produce a complete copy of all Cell Assignment Sheets for the Jail for the entire time from August 27, 2005 until May 23, 2006. [Plaintiff agrees to limit the request to the time periods from August 25, 2005 through September 5, 2005, from December 1, 2005 through

---

or survived the Amended Complaint.  There is evidence that the parties treated the May 2009 discovery requests as surviving the dismissal of claims and the Amended Complaint and indeed the LC Defendants' responses were due prior to that dismissal.  On September 2, 2009, the LC Defendants' counsel sent a letter to Plaintiff's counsel regarding a proposed Protective Order for the Jail policies and procedures, Request No. 10.  For these reasons the Court will compel responses to the May 2009 discovery.

December 15, 2005, from January 25, 2006 through February 10, 2006 and from March 15, 2006 through May 25, 2006.]

**Request No. 4:** Produce a copy of all last known addresses for inmates at the Defendant's jail from August 27, 2005 until May 23, 2006. [Plaintiff agrees to limit the request to the time periods consistent with Request No. 2, above.]

**Request No. 5:** Produce a copy of all officer daily logs, officer's daily notes, jail daily logs book and all daily reports for the time period from August 27, 2005 - May 23, 2006. [Plaintiff agrees to limit this request to the Main Jail Log and the Health Care Log.]

**Request No. 7:** Produce a copy of all complaints against individual officers or Livingston County, including but not limited to prior lawsuits, MDOT (sic) complaints and civil rights complaints. [Plaintiff agrees that this request is satisfied if Plaintiff has access to grievances/complaints which appear in the LC Defendants' personnel files.]

**Request No. 8:** Produce a copy of all records of Michigan Department of Corrections visits for accreditations or investigations of Livingston County Jail between August 2003 and June 2006. [Plaintiff agrees to limit this request to the assessment which appears on the Livingston County Defendant Jail's website, and the accreditation reports for the years from 2001 through year-end 2006.]

**Request No. 9:** List all prior lawsuits involving each Defendant, including caption, date and court. [Plaintiff agrees that this request is satisfied if Plaintiff has access to grievances/complaints which appear in the LC Defendants' personnel files.]

The Court will order the LC Defendants to produce full responses to the narrowed Request Nos. 2, 4, 5 and 8. Request Nos. 7 and 9 will be satisfied by the LC Defendants' production of the personnel files.

The LC Defendants object to the production of all Defendants' personnel files in response to Request No. 6. Defendants argue that the officers have a privacy interest in these files. "Under federal law there exists no general privilege for personnel files, even those of law enforcement officers." *See Watts v. Kimmerly*, 1996 U.S. Dist. LEXIS 6203 at *8 (W.D. Mich. Apr. 12, 1996). The parties have also entered into a stipulated protective order with respect to four of the LC Defendants' personnel files. The Court finds that the personnel files are relevant and will order their production. The Court will, however, order that to the extent that any of the requested documents contain personal or confidential information including Social Security Numbers, home addresses, phone numbers, dates of birth, medical information, and insurance information, the Defendants will redact this information prior to producing the documents. The Livingston County Defendants' counsel offered the Court an in camera inspection of the personnel files and anticipates withholding some documents on the basis of privilege. The Court declines to undertake Defendants' own necessary review of the documents and notes that Defendants may only withhold documents pursuant to the Federal Rules of Civil Procedure.

Rule 26(b)(5)(A), Fed. R. Civ. P., provides that a party withholding information that is otherwise discoverable "by claiming that the information is privileged or subject to protection as trial preparation material" must:

> (i) [E]xpressly make the claim; and
> (ii) [D]escribe the nature of the documents, communications, or tangible things not produced or disclosed-- and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Fed. R. Civ. P. 26(b)(5)(A).

The LC Defendants must produce an adequate privilege log listing any and all documents which they withhold by claiming a privilege. The LC Defendants must list each thing or document on a privilege log pursuant to Fed. R. Civ. P. 26(b)(5). The burden of establishing privilege and non-waiver rests with the person asserting it. *See In re VisionAmerica, Inc. Sec. Litig.*, 2002 WL 31870559, at *2 (W.D. Tenn. Dec. 18, 2002). The LC Defendants' privilege log should contain sufficient information for the Court and Plaintiff to determine whether the withheld documents are properly subject to a privilege or protection. The Court can reject the claim of privilege where the party invoking the privilege "does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege." *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993).

Request No. 10 asks for jail documents that comprise the jail policy and procedures, including but not limited to intake classification, medical care and security for inmates. The parties resolved this issue at the hearing and the LC Defendants have agreed to produce Policy Nos. 9.2, 9.3, 11.6 and 12.3. The Court will order the same.

**3.      September 2009 Discovery Requests**

The LC Defendants timely objected September 2009 Request Nos. 5, 7, 9, 12 and 13. The LC Defendants did not serve objections or responses to Discovery Requests Nos. 1-4, 6, 8, 10, 11 or 14. Each of the September 2009 Discovery Requests is relevant, is reasonably limited to relevant material related to either Plaintiff, Inmate Backus and/or the event which lead to Plaintiff's lawsuit, and is not otherwise unduly burdensome, including those Requests to which the LC Defendants objected.

The Court finds that the LC Defendants waived their objections to Discovery Request Nos. 1-4, 6, 8, 10, 11 and 14 by failing to timely respond or object. The LC Defendants give no explanation for their failure to timely respond or object to all of the September 2009 Discovery Requests as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33, 34. The requests at issue are relevant. The only prejudice which may result in waiving Defendant's objections is with respect to Discovery Request Nos. 1 and 2. Defendants will be ordered to respond in full to all of the other Discovery Requests.

**Discovery Request No. 1** asks for all investigation materials generated regarding incident number 174-06, which is the assault on [Plaintiff] Greg Hoxie by Ryan C. Backus on March 19, 2006.

**Discovery Request No. 2** asks for all investigation materials generated regarding incident number 101-06, which occurred on or about February 16, 2006, and involved Ryan C. Backus and another inmate.

The LC Defendants in their response brief argue that information relating to evaluative processes at the sheriff's department and the Jail is protected by the deliberative process or executive privilege. While this is true, the privileges do not cover every piece of information contained in an "investigative file" or related to an investigation. Under the executive privilege "intra-government documents which reflect advisory opinions, recommendations, and deliberations comprising part of the process by which governmental decisions are formulated" are protected from disclosure in discovery. *See Dowd v. Calabrese*, 101 F.R.D. 427, 430 (D.D.C. 1984). Factual material, including reports and summaries, is not protected by the privilege. *See Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973).

Defendants must produce responsive documents to Request Nos. 1 and 2 and to the extent that they allege a privilege applies to any documents or other things in the files, Defendants must list each thing or document on a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

### C.      Plaintiff's Request For Attorneys Fees and Costs

The Court will deny Plaintiff's request for attorneys fees for the reasons set forth herein and because several of Plaintiff's Requests were overly broad and not limited to relevant information. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

**IT IS THEREFORE ORDERED** that Plaintiff's First Motion To Compel Directed To Livingston County Defendants And For Sanctions, And For The Extension Of Scheduling Order Deadlines (docket no. 39) is **GRANTED** in part and the Livingston County Defendants will produce the following on or before January 15, 2009:

1) Defendants will fully respond to May 2009 Discovery Request Nos. 1, 3 and 6. Defendants will redact all personal information in personnel files as set forth above. For any information for which Defendants claim a privilege in response to No. 6, each document must be listed on a privilege log. Defendants will produce Policy Nos. 9.2, 9.3, 11.6 and 12.3 in response to Request No. 10.

2) Defendants will fully respond to the limited scope of the May 2009 Discovery Request Nos. 2, 4, 5 and 8 as set forth above.

3) Defendants will produce full responses including all responsive documents to the September 2009 Discovery Request Nos. 1, 2, 4-6, 10-13 as set forth herein except that Defendants may produce a privilege log for documents or things responsive to Request Nos. 1 and 2 for which they assert a privilege.

4) Defendants will answer in full Plaintiff's September 2009 Discovery Request Nos. 3, 7-9 and 14 which appear to be Interrogatories rather than Requests for Production.

**IT IS FURTHER ORDERED** that discovery must be complete on or before April 30, 2010.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorneys' fees and costs is **DENIED**. Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii). Plaintiff's Motion To Compel as to the May 2009 Request Nos. 7 and 9 is **DENIED** without prejudice.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: December 22, 2009          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: December 22, 2009          s/ Lisa C. Bartlett
                                  Case Manager