UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HOXIE,

        Plaintiff,

vs.

Case No. 09-CV-10725
HON. GEORGE CARAM STEEH

LIVINGSTON COUNTY, et al.,

        Defendants.

_____/

ORDER OVERRULING LIVINGSTON COUNTY DEFENDANTS' OBJECTIONS (# 61)
TO MAGISTRATE JUDGE'S DECEMBER 22, 2009 ORDER (# 57)
GRANTING IN PART PLAINTIFF'S FIRST MOTION TO COMPEL DISCOVERY

Defendants Livingston County, Sheriff Robert Bezotte, Undersheriff Michael Murphy, Jail Administrator Lt. Thomas Cremonte, Matthew Hoffman, Matthew Young, Cheryl Miks, Nicole Otten, Kasey Howe, Gerald Boyer, Deputy Sgt. York, Deputy Berry, Michael Cortez, Jason Davis, Kirk Daniels, and Deputy Jackson (collectively "Livingston County") object to Magistrate Judge Mona Majzoub's December 22, 2009 Order granting in part plaintiff Gregory Hoxie's First Motion to Compel Discovery (# 39). Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the objections be resolved without oral argument.

**I. Background**

Hoxie alleges in his First Amended Complaint that, while incarcerated in Kentucky on July 25, 2005, he suffered a broken nose, a broken cheek bone, and a brain bleed. Hoxie was allegedly extradited from Kentucky to Michigan, and arrived at the Livingston County Jail on August 27, 2005. Hoxie alleges Jail staff failed to complete a Pre-Intake

sheet concerning medical information.  Hoxie alleges a "medical screening for non-violent offenders" completed on August 27, 2005 incorrectly reported that he was in good health with no visual signs of trauma, while omitting that he had been recently hospitalized in Kentucky, suffered a brain injury, and had a painful dental condition.  Hoxie alleges it was not until September 8, 2005 that he was interviewed by a nurse, who noted that he had suffered a skull fracture, broken nose, facial fractures, and a cracked molar on August 1, 2005, resulting in blurred vision and severe migraine headache pain.  Hoxie alleges he received no medical care at the Jail, and was again examined on September 12, 2005, revealing essentially the same medical conditions.  Hoxie alleges he again received no medical treatment, and was placed in the Jail's general population.

  Hoxie continues by alleging that, on March 18, 2006, he was placed in a Jail visiting booth with inmate Ryan Backus, an inmate assigned to "medium security," although known for violent assaultive behavior.  Backus allegedly assaulted Hoxie in the visiting booth, causing Hoxie to sustain new facial fractures, a broken nose, "and either aggravation of his pre-existing head injury, or a new traumatic brain injury."  Hoxie alleges he did not receive emergency medical care after the assault despite his continuing complaints of increased blurred vision and head pain.  Hoxie alleges he was finally examined by defendant Dr. Susan Simpson on March 21, 2006, who reported Hoxie had a "possible blow out fracture."  Hoxie was allegedly transferred to St. Joseph Mercy Hospital where he was diagnosed with a crushed eye socket and broken nose.  Hoxie alleges surgery was performed to repair his broken nose in April 2006, but that his traumatic brain injury was not addressed.  Hoxie alleges he continued to complain to Jail personnel over the next two months about severe headaches, facial pain, dizziness, ringing in the ears, and blurred vision, all without

receiving appropriate medical care. Hoxie was allegedly diagnosed with Tinnitus on May 19, 2006, with a follow-up recommendation that he see a specialist and receive rehabilitation. Hoxie alleges that, instead of receiving medical attention, he was discharged from incarceration at 12:30 a.m. on May 23, 2006, and driven to a remote part of town without proper clothing or regard for his medical conditions. Hoxie alleges 42 U.S.C. § 1983 claims of Eight Amendment violations based on Livingston County's failure to properly screen, classify, and segregate dangerous inmates, deliberate indifference to the risk that he would be assaulted by a dangerous inmate, and deliberate indifference to his serious medical needs.

## II. Objections

Livingston County objects to that part of Magistrate Judge Mona Majzoub's December 22, 2009 Order granting in part Hoxie's motion to compel and ordering Livingston County to produce: (1) Jail Cell Assignment Sheets from August 25, 2005 through September 5, 2005, December 1, 2005 through December 15, 2005, January 25, 2006 through February 10, 2006, and March 15, 2006 through May 25, 2006; (2) all last known addresses of Jail inmates from the same time periods; (3) Mail Jail Logs and Health Care Logs from August 27, 2005 through May 23, 2006; (4) all grievances/complaints, and prior lawsuits filed against the individual Livingston County defendants, as appear in each defendant's personnel file; (5) all records of Michigan Department of Corrections visits for accreditations or investigations of the Livingston County Jail, as the assessments appear on the Jail's website, and accreditation reports for the years 2001 through 2006; and (6) all prior lawsuits involving each Livingston County defendant, as appear in each defendant's personnel file. Livingston County also objects to that part of the Order requiring Livingston

County to produce: (1) the inmate list or daily list of inmates for each day from February 1, 2006 through May 24, 2006; (2) a list of all inmates on the same cell block, tier, or hallway as Hoxie from February 1, 2006 through May 23, 2006; (3) a copy of Hoxie's cell assignments from August 27, 2005 through May 24, 2006; (4) a list of all cell assignments, including detention/segregation, for inmate Backus from January 1, 2006 through May 24, 2006; (5) a list of all other inmates scheduled for visitors on March 18, 2006, a list of all visitors, and a copy of the March 18, 2006 visitor sign-in log; and (6) records in any form relevant to this requested information.

A district court shall consider objections to a magistrate judge's non-dispositive order, and shall modify or set aside any portion of the order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A ruling is clearly erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made. Patterson v. Heartland Industrial Partners, LLP, 225 F.R.D. 204, 205 (N.D.Ohio 2004) (quoting United States v. Hurst, 228 F.3d 751, 756 (6th Cir.2000)). "A district court enjoys broad discretion in managing discovery." Suntrust Bank v. Blue Water Fiber, L.P., 210 F.R.D. 196, 199 (E.D. Mich. 2002) (citing Ghandi v. Police Dep't City of Detroit, 747 F.2d 338, 354 (6th Cir. 1984)). Thus, whether to grant a motion to compel discovery lies within the district court's discretion. Suntrust Bank, 210 F.R.D. at 199 (quoting Lavardo v. Keohane, 992 F.2d 601, 604 (6th Cir. 1993)).

Livingston County's objection that the Magistrate Judge failed to explain the relevancy of the subject materials is without merit. "Relevancy for discovery purposes is extremely broad. The information sought need not be admissible in court in order to be relevant. Rather, the relevancy burden is met if the party can show that the information

sought 'appears reasonably calculated to lead to the discovery of admissible evidence.'" Miller v. Federal Express Corp., 186 F.R.D. 376, 383 (W.D. Tenn. 1999). Hoxie's claims span from August 27, 2005 when he was initially screened as a Livingston County Jail inmate, through March 18, 2006 when he was allegedly assaulted by inmate Backus in a Jail visitor's booth, and through May 23, 2006 when he was released from the Jail. Hoxie's discovery requests for Jail Cell Assignment Sheets, fellow inmates' last known addresses, Mail Jail Logs and Health Care Logs, an inmate list and a list of all inmates on his cellblock, Hoxie's and Backus' cell assignments, and inmates scheduled for visitors on March 18, 2006, all fall within the pertinent time frame of August 27, 2005 through May 23, 2006. The information culled from this discovery is reasonably calculated to lead to inter alia potential witnesses, and evidence of Livingston County's policies, customs, and practices relative to placing potentially violent inmates at the Jail and delivering medical care to Jail inmates. Miller, 186 F.R.D. at 383. Likewise, MDOC investigations and accreditations dating back to 2001 could lead to admissible evidence of relevant Livingston County policies, customs, or practices, as well as evidence of Livingston County's knowledge or absence of such that constitutional violations were occurring on a regular basis. Id. Livingston County's argument that all prior past acts uncovered by the instant discovery would be inadmissible under Federal Rule of Civil Procedure 404(b) as propensity evidence is conclusionary. Livingston County's assertion that what other inmates perceived is irrelevant because only the defendants' states of mind are at issue is equally without merit; inmates could possibly attest to the frequency of Hoxie's complaints and requests for medical treatment, or the apparent nature of Hoxie's alleged injuries.

    Livingston County further objects that the Magistrate Judge improperly

acknowledged a stipulated order as to four of the Livingston County defendants' personnel files when, in fact, the stipulated order was entered in another lawsuit. Even without the stipulated order, the Magistrate Judge did not abuse her discretion in finding that the personnel files containing records of disciplinary actions were relevant, and that Livingston County could properly redact any personal information.

The court is not left with a definite and firm conviction that the Magistrate Judge abused her discretion. Patterson, 225 F.R.D. at 205; Suntrust Bank, 210 F.R.D. at 199. Accordingly,

Defendants Livingston County's objections are hereby OVERRULED.

SO ORDERED.

Dated: February 3, 2010

                                               s/George Caram Steeh
                                               GEORGE CARAM STEEH
                                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 3, 2010, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---