# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**GREGORY HOXIE,**

       **Plaintiffs,**        **CIVIL ACTION NO. 09-CV-10725**

   vs.                      **DISTRICT GEORGE CARAM STEEH**

**LIVINGSTON COUNTY,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

       **Defendants.**
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PENDING DISPOSITIVE MOTIONS OF DEFENDANTS (DOCKET NO. 54)

This matter comes before the Court on Defendants' Motion For Protective Order Staying Discovery Pending Dispositive Motions Of Defendants[1] filed on December 15, 2009. (Docket no. 54). Defendant Sheryl Simpson, D.O., filed a Concurrence In Co-Defendants' Motion For Protective Order on December 17, 2009. (Docket no. 56). Plaintiff filed a Response And Brief In Support on January 4, 2010. (Docket no. 59). Defendants filed a Reply To Plaintiff's Response To Defendants' Motion on January 12, 2010. (Docket no. 66). All discovery motions have been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 41). The Court dispenses with oral argument on this matter pursuant to E.D. Mich. Local Rule 7.1(e). (Docket no. 67). The matters being fully briefed the motion is now ready for ruling.

---

[1] Defendants Livingston County, Robert Bezotte, Michael Murphy , Thomas Cremonte, Matthew Hoffman, Matthew Young, Cheryl Miks, Nicole Otten, Kasey Howe, Gerard Boyer, Deputy Sgt. York and Deputy Barry. (Docket no. 54).

Defendants move to stay discovery until the Court decides on their pending motions to dismiss and for judgment on the pleadings. On October 28, 2009 Defendant Simpson filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and on December 1, 2009 the LC Defendants filed a Renewed Motion for Judgment On the Pleadings pursuant to Fed. R. Civ. P. 12(c). (Docket nos. 38, 49). Defendants point out that one of their dispositive motions relies on a statute of limitations issue. Defendants ask for a protective order pursuant to Fed. R. Civ. P. 26(c) to prevent them from the undue burden of engaging in discovery pending the resolution of their motions.

Plaintiff argues that Defendants did not seek concurrence in their motion to stay discovery. The Court agrees. Defendants' Motion does not contain a certification that they have in good faith concurred or attempted to confer with the other parties "in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Defendants failed to comply with E.D. Mich. Local Rule 7.1(a) for the same reason. On the contrary, on December 14, 2009 the parties stipulated to a six month extension of discovery. (Docket no. 52, 57). The day after stipulating, Defendants sought to stay discovery. (Docket no. 54). The Court has also reviewed the underlying dispositive motions and is not convinced that justice is served by staying discovery, some of which is already more than several months past due[2]. (Docket no. 57).

With respect to the need for a protective order, Defendants make only general allegations that they will have to retrieve "voluminous information that will occupy other county employees in addition to the individually named defendants, as that task may prove unnecessary." (Docket no. 66). The general allegations are unsupported by affidavit or otherwise. The wheels of justice would

---

[2] Defendants admit in their Reply that their responses to discovery remain outstanding. (Docket no. 66).

surely grind to a halt if discovery were stayed pending dispositive motions and based on such generic allegations of undue burden and expensive. Defendants have failed to show good cause for the Court to issue a protective order staying discovery. Fed. R. Civ. P. 26(c)(1). For these reasons, Defendants' Motion For Protective Order Staying Discovery will be denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion For Protective Order Staying Discovery Pending Dispositive Motions Of Defendants (docket no. 54) is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 4, 2010            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: March 4, 2010            s/ Lisa C. Bartlett
                                Case Manager