UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GREGORY HOXIE,**

       **Plaintiffs,**             **CIVIL ACTION NO. 09-CV-10725**

    **vs.**                        **DISTRICT GEORGE CARAM STEEH**

**LIVINGSTON COUNTY,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

       **Defendants.**
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER (DOCKET NO. 85)

This matter comes before the Court on Defendants' Motion For Protective Order filed on March 29, 2010. (Docket no. 85). Plaintiff filed a Response To Livingston County Defendants' Motion For Protective Order Regarding Livingston County Defendants' Personnel Files [Doc. #85] on April 12, 2010. (Docket no. 94). All discovery motions have been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 41). The Court disposes with oral argument on this matter pursuant to E.D. Mich. LR 7.1(f). The matter being fully briefed, the motion is now ready for ruling.

The Livingston County Defendants (all defendants except Sheryl Simpson, D.O., hereinafter "Defendants") seek a protective order to prevent disclosure of records. As Defendants point out in their motion, this Court entered an Order on December 22, 2009 which ordered Defendants to produce the personnel files which contain the documents at issue in Defendants' Motion for Protective Order. (Docket no. 57). The Court also ordered that certain confidential and personal information be redacted from the files. Defendants now argue that some of the documents in the file

-1-

are irrelevant and seek a protective order pursuant to Fed. R. Civ. P. 26(c) to prevent production of the documents. Defendants provided with their motion a list of approximately thirty-three documents for which they seek a protective order. (Docket no. 85-2).

As Plaintiff points out, Defendants argued relevance, or the lack thereof, of the personnel files at the hearing held on December 16, 2009. The matter was fully briefed and argued at that time. Defendants' Motion for Protective Order was filed more than five months after the October 20, 2009 due date for Defendants' responses and objections to the discovery requests at issue, more than four months after the due date for their response to Plaintiff's Motion to Compel, more than three months after the hearing on this matter and, finally, more than two months after the Court-ordered deadline for producing the personnel files. (Docket no. 57). These facts alone should put a period at the end of the issue of the personnel files.

Defendants have failed to show how producing the documents at issue within the parameters of the December 22, 2009 Opinion and Order meets the standards set forth in Fed. R. Civ. P. 26(c)(1) for issuance of a protective order. Defendants have not shown that production would cause a party or person annoyance, embarrassment, oppression or undue burden or expense. Fed. R. Civ. P. 26(c)(1). Defendants' "relevance" argument is an objection that should have been raised at the time of responding to the Request for Production and, to the extent that it was timely raised, the Court overruled the objection with its December 22, 2009 Opinion and Order.

It is worth noting that a review of the list of withheld documents shows that while some of the documents appear to be more than twenty years old and others relate to pay increase issues, it is not clear that all of the documents on the list are irrelevant, for example, memos relating to an arrest and locking of a cell door may be relevant to prior disciplinary action, practice and procedure

at the Defendant County. Fed. R. Civ. P. 26(b)(1) (Docket no. 85-2). The Court also notes that while the December 22, 2009 Order allowed Defendants to produce a privilege log for documents to which they claim a privilege, privilege is not at issue here.

The Court also finds that Defendants have not shown good cause for this untimely request for a protective order for these documents and Defendants' Motion for Protective Order is substantively a motion for reconsideration of the December 22, 2009 Opinion and Order[1]. The Court also notes that the District Court overruled Defendants' objections to the December 22, 2009 Opinion and Order. (Docket no. 68).

The Court will deny Defendants' Motion for Protective Order and Defendants will produce the documents at issue within seven days of entry of this Order. Consistent with the Court's prior Order (docket no. 57), Defendants will redact all "personal or confidential information, including Social Security Numbers, home addresses, phone numbers, dates of birth, medical information, and insurance information." (Docket no. 57). The Court finds that salary information and amounts fall within the purview of the personal and confidential information which Defendants were ordered to redact and the Court will order Defendants to do so.

The Court will deny Plaintiff's request for attorneys fees and costs. Fed. R. Civ. P. 37(a)(5)(A)(iii). **Any further failure by Defendants to comply with the Court's December 22, 2009 Opinion and Order will result in sanctions.** Fed. R. Civ. P. 37(b)(2)(A).

---

[1] Pursuant to Eastern District of Michigan Local Rule 7.1(h) a party can file a motion for rehearing or reconsideration within 14 days of entry of a judgment or order. E.D. Mich. LR 7.1(h). Local Rule 7.1(h) provides that in a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." Defendants have met neither the timeline for requesting reconsideration nor the required demonstration of a defect.

**IT IS THEREFORE ORDERED** that Defendants' Motion For Protective Order (docket no. 85) is **DENIED** and the Livingston County Defendants will produce to Plaintiff within seven days of entry of this order the documents which appear on the letter dated January 15, 2010 (docket no. 85-2), in redacted form as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorneys' fees and costs is **DENIED**. Fed. R. Civ. P. 37(a)(5)(A)(iii).

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 14, 2010          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: July 14, 2010          s/ Lisa C. Bartlett
                                   Case Manager