# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GREGORY HOXIE,

      Plaintiffs,        CIVIL ACTION NO. 09-CV-10725

  vs.                      DISTRICT GEORGE CARAM STEEH

LIVINGSTON COUNTY,       MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

      Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION TO COMPEL AND FOR SANCTIONS FOR VIOLATION OF COURT ORDERED DISCOVERY DIRECTED TO LIVINGSTON COUNTY DEFENDANTS AND FIRST MOTION TO COMPEL DIRECTED TO DEFENDANT SIMPSON (DOCKET NO. 72)**

This matter comes before the Court on Plaintiff's Second Motion To Compel And For Sanctions For Violation Of Court Ordered Discovery Directed To Livingston County Defendants And First Motion To Compel Directed To Defendant Simpson filed on February 17, 2010. (Docket no. 72). The Livingston County Defendants filed a Response To Plaintiff's Second Motion To Compel And For Sanctions For Violation Of Court Ordered Discovery on March 8, 2010. (Docket no. 79). Defendant Sheryl Simpson, D.O., filed a Brief Opposing Plaintiff's Motion To Compel [Docket #72] on February 18, 2010. (Docket no. 76). Plaintiff filed a Joint Statement Of Resolved/Unresolved Issues As They Relate To Document No. 43 (sic) on March 26, 2010. (Docket no. 84). Livingston County Defendants filed a Statement Regarding Resolved/Unresolved Issues

Pertaining To Plaintiffs' (sic) Second Motion To Compel Discovery on March 29, 2010[1]. (Docket no. 86). All discovery motions have been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 41). The Court dispenses with oral argument on this matter pursuant to E.D. Mich. Local Rule 7.1(f). (Docket no. 74). The matters being fully briefed the motion is now ready for ruling.

According to Plaintiff and Defendant Simpson's Joint Statement, all issues related to Defendant Simpson have been resolved. (Docket no. 84). The Court will not entertain the three new issues related to depositions raised by Plaintiff in his Joint Statement where the issues were not part of Plaintiff's Second Motion To Compel as filed. The remaining issues according to Plaintiff's Joint Statement are those issues identified in Plaintiff's Second Motion To Compel as paragraphs 2, 4, 8, 10, 11, 13 and 15. (Docket no. 72, 84).

The issues raised by Plaintiff's Second Motion to Compel, paragraph no. 2 were addressed in full by this Court's Order dated December 22, 2009, following a hearing on December 21, 2009. (Docket no. 57). The District Court Judge overruled Defendants' objections to the December 22, 2009 Order by order dated February 3, 2010. Plaintiff argues that Defendants were ordered to produce policy nos. 9.2, 9.3, 11.6 and 12.3 and that, to date, Defendants have produced only policy no. 11.6. The arguments between the parties on this issue revolve around whether or not Defendants have produced the policies which were in effect from August 2005 through May 2006, a relevant

---

[1]The parties did not comply with the Court's Order of February 18, 2010 directing them to file a "joint statement." Plaintiff's statement is signed by only Plaintiff's attorney and Defendant Simpson's attorney. (Docket no. 84). The Statement itself is mis-identified as relating to "Document No. 43." (Docket no. 84). The Livingston County Defendants (all defendants except Defendant Simpson) allege that Plaintiff sent its draft Joint Statement to Defendants without allowing sufficient time for Defendants to respond. The organization of the separate Joint Statements filed by the parties illustrates the state of cooperation to date between the parties.

time period when Plaintiff was in Defendant County's custody. Fed. R. Civ. P. 26(b)(1). The Court will order Defendants to produce copies of all policy nos. 9.2, 9.3 and 12.3 which are in Defendants' possession, custody or control which were in effect for the years from August 2005 through March 2006, with an amended response stating when each policy was in effect. To the extent Defendants do not have in their possession, custody or control, a copy, electronic or otherwise, which was in effect during that time period, Defendants will produce an affidavit attesting to the same and setting forth the steps taken to locate the policy, including places where the policy was sought and the time and date of the search(es). The Court denies Plaintiff's request in his Joint Statement for "a site inspection with a computer forensic analysis to verify the metadata of the files on the agency's hard drive." (Docket no. 84).

Plaintiff's paragraph no. 4 relates to the production of personnel files which was ordered by the Court on December 22, 2009. Plaintiff alleges that Defendants produced a privilege log that is not signed by counsel for Defendants, that Defendants' counsel's assistant "attempted to forge his signature on the log,"[2] that the privilege log does not adequately describe the documents and that Defendants withheld 141 additional documents from the personnel files on the basis of their alleged irrelevance and listed the allegedly "irrelevant" documents on a letter to Plaintiff's counsel dated January 15, 2010.

The Court already determined that the information in the personnel files is relevant. (Docket no. 57). On December 22, 2009, the Court ordered Defendants to produce the personnel files in response to Plaintiff's Request for Production No. 9, with all personal and/or confidential

---

[2] Plaintiff did not brief his "forgery" argument and Defendants' counsel admits that an assistant signed with permission of Counsel, as evidenced by the appearance of initials near the signature. For these reasons the Court will not consider the "forgery" argument.

information redacted, including Social Security Numbers, home addresses, phone numbers, dates of birth, medical information and insurance information. (Docket no. 57). The Court further ordered that for any documents withheld pursuant to the Federal Rules of Civil Procedure, Defendants must produce a privilege log listing and describing each document with sufficient information for the Court and Plaintiff to determine whether the document is subject to a privilege. (Docket no. 57).

Despite Defendants' allegation that some of the material in the files is irrelevant, that issue should have been raised at or before the prior hearing on the personnel files and is further addressed in this Court's Opinion and Order Denying Defendants' Motion For Protective Order. (Docket no. 123). The Court will not revisit the issue of relevance herein. The Court will order Defendants to produce all the documents listed on the January 15, 2010 letter as "Irrelevant" with redaction of personal and/or confidential information and consistent with its Opinion and Order Denying Defendants' Motion For Protective Order. (Docket no. 123).

Plaintiff included a copy of Defendants' privilege log with its motion. (Docket no. 72-4). Defendants' privilege log contains eight entries or documents, some of multiple pages. (Docket no. 72-4). Two of the entries are identified as "Attorney/Client" privilege. The remaining entries are identified as "Evaluative Materials." (Docket no. 72-4). Defendants have not met their burden of establishing that these documents are privileged. The burden of establishing privilege and non-waiver rests with the person asserting it. *See In re VisionAmerica, Inc. Sec. Litig.*, 2002 WL 31870559, at *2 (W.D. Tenn. Dec. 18, 2002). The attorney-client privilege protects "not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable [him or her] to give sound and informed advice." *Cozzens v. City of Lincoln Park*,

2009 WL 2242396, at *3 (citing *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981)). Defendants give a brief and vague description of the two single-pages documents to which they claim an attorney-client privilege and fail to describe whether advice was sought or given and have not identified whether and which other individuals were a party to the communication[3].

To the remaining six privilege log entries, Defendants assign an "Evaluative Materials" privilege. Again, the Court finds that the document descriptions are too vague to determine whether a privilege applies and Defendants have not met their burden to establish that privilege applies to each document. For example, on the "Evaluative Materials" documents there is neither an author nor recipient identified and the topics are too general to determine whether the privilege applies[4].

Defendants have not elaborated on their claim that an evaluative privilege applies to these documents and have not briefed the issue. The application of an evaluative/self-critical analysis privilege is extremely narrow and it is not absolute; it applies only to analysis or evaluation, not the facts on which the evaluation was based. *See U.S. ex rel. Sanders v. Allison Engine Co. Inc.*, 196 F.R.D. 310, *315 (S.D. Ohio 2000). In the December 22, 2009 Order, the Court advised Defendants that their privilege log "should contain sufficient information for the Court and Plaintiff to determine whether the withheld documents are properly subject to a privilege or protection" and that the Court

---

[3]Document bates no. 100483 is described as "Correspondence dated 9/16/87 from attorney Patrick Aseltyne to Personnel Director." Document bates no. 100911 is described as "Correspondence dated 3/12/93 from attorney David Stoker to Sheriff Homan." (Docket no. 72-4).

[4]The document descriptions for the documents identified as being subject to the "Evaluative Materials" privilege is as follows: Bates nos. 100497-100699 "November 1978 interview evaluation"; bates nos. 100553-554 and 100569-584 "Matt Hoffman evaluative materials re: patrol officer"; bates no. 100564 "1/21/06 counseling memo re: activities as work release officer"; bates no. 100616 "11/2/05 memo re: paper with staples"; bastes no. 100617 "2/23/04 memorandum re: inmates release date"; and bates no. 100704 "1/25/02 memo re: supervision of other deputies." (Docket no. 72-4).

could reject Defendants' claim of privilege if Defendants do "not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege." (Docket no. 57 at 7 citing *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D. N.Y. 1993). Defendants' privilege log is insufficient in detail and they have not established that a privilege applies to any of these documents. The Court will order Defendants to produce all of the documents on the privilege log pursuant to a stipulated protective order to be entered between the parties, limiting the use of the documents to this case and preventing dissemination of the documents.

Paragraph no. 8 of Plaintiff's motion alleges that "Defendants also failed to produce a copy of the Jail Assessment advertised for sale at the front desk of the jail and specifically Ordered to be produced." (Docket no. 72). Plaintiff's paragraph no. 8 appears to be requesting information responsive to Plaintiff's prior Request for Production No. 8. At the December 2009 hearing Plaintiff limited Request No. 8 to Michigan Department of Corrections (MDOT) accreditation reports for the years from 2001 through year-end 2006. Plaintiff argues that Defendants produced MDOT Inspection Reports that were in draft form and only the 2003 report was included. Plaintiff seeks the MDOT Inspection Reports for 2004-2006. These documents were within the purview of the Court's prior order and the Court will order Defendants to produce the documents in full or produce an affidavit stating that Defendant Livingston County does not have the documents within its possession, custody or control and an affidavit stating the specific steps taken to locate the documents, including the location, date and time of attempts to procure and/or locate the documents.

Plaintiff's paragraph no. 10 makes the serious allegation that the written statement of Plaintiff Hoxie has been destroyed, despite relevance to this case and Plaintiff's request for the same.

(Docket no. 72, 84). Plaintiff argues that an incident report related to an investigation from February 16, 2006 was produced by Defendants and referenced a written statement by Plaintiff Hoxie, indicating "see attached." (Docket no. 72). Defendants do not dispute Plaintiff's argument. Defendants in their "Statement…Regarding Resolved/Unresolved Issues" (docket no. 86) argue that their "Amended response [to Plaintiff's Second Discovery Requests] expressly stated that the written statement of Gregory Hoxie in Incident 101-06 is unavailable, and the reason is unknown. When Defendants compiled the documents in response to discovery, they could not locate the written statement of Gregory Hoxie apparently taken. Defendants have conducted additional search (sic) for the document and do not know at this time why the document cannot be located." (Docket no. 86).

Plaintiff's Second Request for Production of Documents Dated September 17, 2009, as restated in Defendants' Supplemental Response, contains requests for investigative materials relating to two different incidents. Request No. 1 asks for materials regarding "incident number 174-06, which is the assault on Greg Hoxie by Ryan C. Backus on March 18, 2006." (Docket no. 72-3). Request No. 2 asks for materials regarding "incident number 101-06, which occurred on or about February 16, 2006, and involved Ryan C. Backus and *another inmate*." (Docket no. 72-3, emphasis added). While it appears that the Hoxie statement relates to an earlier incident than the incident between Backus and Plaintiff which is at the heart of Plaintiff's claims, Defendant is reminded of the potential seriousness of sanctions for spoliation of evidence. *See Atkins v. Wolever*, 554 F.3d 650, 651 (6th Cir. 2009) (overruling earlier opinions which held that state law controlled a federal court's imposition of sanctions as relief for spoliated evidence.). The Court will order Defendants to produce Plaintiff Hoxie's written statement.

Plaintiff's paragraph no. 11 alleges that Defendants' supplemental responses to Request for Production Nos. 2, 4, 5, and 8 state that Defendants' are not required to keep records for more than the current and previous year. The Court's December 22, 2009 Order narrowed the scope in time of each of these requests. Despite Defendants' argument and response that Defendant County is not required to retain the responsive documents for more than the current year and the prior year, Fed. R. Civ. P. 34(a)(1) allows discovery of all documents and things within the responding party's possession, custody or control. "The word 'control' is to be broadly construed. A party controls documents that it has the right, authority, or ability to obtain upon demand." *Scott v. AREX, Inc.*, 124 F.R.D. 39, 41 (D. Conn. 1989). The Court will order Defendants to produce all responsive documents within their possession, custody or control. To the extent Defendants allege that they do not have the documents in their possession, custody or control, Defendants will amend their responses to specifically state that same and produce an affidavit setting forth the specific steps taken to locate the documents, including the location, date and time of attempts to procure and/or locate the documents.

Plaintiff's paragraph no. 13 alleges that Defendants have produced no facts in support of their affirmative defenses. Plaintiff alleges that in response to interrogatories served on October 22, 2009, "Defendants fail to identify any facts or other evidence in support of their Affirmative Defenses as required by Fed. R. Civ. P. 8(d)." (Docket no. 72 ¶ 13). Plaintiff argues that Defendants' response that some of the affirmative defenses are "legal" affirmative defenses is improper and that Defendants' affirmative defenses should be stricken for "Defendants' failure to produce any facts in support of their Affirmative Defenses in their Answer, or in response to discovery seeking facts and other evidence" in support of their affirmative defenses.

Plaintiff included with its motion a copy of Defendants' Response To Plaintiff's Third Discovery Request To Defendants Regarding Affirmative Defenses To First Amended Complaint. Plaintiff did not include a copy of Defendants' affirmative defenses with its Motion. To the extent Plaintiff has captioned this a Motion to Compel and Plaintiff relies on the deficiency in Defendants' response to Plaintiff's Third Discovery Request, Plaintiff's motion does not comply with E.D. Mich. LR 37.2. Plaintiff included the discovery request at issue, but did not include the underlying affirmative defenses which were implicated by the Request. The Court cannot determine, from Plaintiff's Motion to Compel, the sufficiency of Defendants' Response.

Despite being captioned a Motion to Compel, Plaintiff's motion on this issue is in substance a motion to strike insufficient defenses and should have been brought pursuant to Fed. R. Civ. P. 12(f). A party must "plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a 'reasonably founded hope' of success." *See United States v. Quadrini*, 2007 WL 4303213 at *4 (E.D. Mich. Dec. 6, 2007); *see also Shinew v. Wszola*, 2009 WL 1076279 at *4-5 (E.D. Mich. Apr. 21, 2009). "Motions to strike affirmative defenses under Rule 12(f) are addressed to the court's discretion, although they are generally disfavored." *Zamboroski v. Karr*, 2005 WL 2314011 at *1 (W.D. Mich. Sept. 22, 2005). Striking a defense "is a drastic remedy to be resorted to only when required for the purposes of justice." *Id.* (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). "[A] motion to strike should only be granted if there is a clear showing that the challenged defense has no bearing on the subject matter and that permitting the defense to stand would prejudice the plaintiff." *Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160, 174 (E.D. Mich. 2006).

"Motions to strike should not be granted unless the sufficiency of the defense is clearly inadequate." *Truck Ins. Exchange v. Bd. of County Road Comm'rs*, 244 F.Supp. 782, 784 (D.C. Mich. 1965) (citations omitted). Where the sufficiency of a defense is challenged by a motion to strike, "the sufficiency is to be determined solely upon the face of the pleading." *Brew, Woltman & Co. v. Anthony*, 94 F. Supp. 955, 956 (D.C.N.Y. 1951). Plaintiff has neither provided the defenses at issue nor specifically briefed the issue of the specific defenses which he argues are insufficient. The Court does not find that the affirmative defenses are clearly insufficient.

To the extent Plaintiff's Third Discovery Request poses as an interrogatory, it seeks a response to five subparts each for fifteen affirmative defenses. Rule 33, Fed. R. Civ. P., provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). While the Court views sub-parts b and c, both relating to witnesses, as a single discrete subpart and subpart e is a request for production of "all exhibits you will introduce in support of these Affirmative Defenses," the interrogatory's three discrete subparts for each of fifteen affirmative defenses exceeds the 25 interrogatory limit, without taking into account any prior interrogatories. For all of these reasons, the Court will deny Plaintiff's request to strike Defendants' affirmative defenses pursuant to Plaintiff's Motion to Compel and For Sanctions.

Paragraph 15 alleges that Plaintiff has not received an answer or objection to a January 13, 2010 Interrogatory seeking explanation of the computer issues allegedly raised by defense counsel at the December 21, 2009 hearing. The Interrogatory is titled Plaintiff's Discovery Request Directed To Defendant Lt. Cremonte Only (docket no. 72-7) and seeks four related subparts of information regarding Defendant Lt. Thomas Cremonte's representation "at the December 21, 2009 Motion

hearing that access to Defendant Livingston County's computer records relevant to this case are (sic) somehow being changed." (Docket no. 72-7). Defendants in their "Statement . . .Regarding Resolved/Unresolved Issues" state that Defendant Cremonte has already provided answers to the Interrogatories and counsel has forwarded them to Defendant Cremonte for execution before they are served on Plaintiff. The Court will order Defendant Lt. Thomas Cremonte to serve an answer to the January 13, 2010 Discovery Request To Lt. Thomas Cremonte. The Court denies Plaintiff's request for sanctions in these matters. Fed. R. Civ. P. 37(a)(5)(A)(iii).

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion To Compel And For Sanctions For Violation Of Court Ordered Discovery Directed To Livingston County Defendants And First Motion To Compel Directed To Defendant Simpson is **GRANTED** in part as follows:

a. Defendants will produce within fourteen (14) days of entry of this Order copies of policy nos. 9.2, 9.3 and 12.3 which are in Defendants' possession, custody or control which were in effect from August 2005 through May 2006, an amended response and accompanying affidavit(s) as set forth above;

b. Defendants will produce in accordance with the Opinion and Order Denying Defendants' Motion For Protective Order (docket no. 123) all of the documents listed on the January 15, 2010 letter as "Irrelevant," with redaction of personal and/or confidential information;

c. The parties will file with the Court a stipulated protective order within seven (7) days of entry of this Order to address the production of documents which Defendants listed on their privilege log;

d. Defendants will produce within fourteen (14) days of entry of this order all of the documents on the privilege log pursuant to the stipulated protective order;

e. Defendants will produce in full within fourteen (14) days of entry of this Order the MDOC inspection report documents from 2004-2006, an amended response and affidavit, if necessary, as set forth above;

f. Defendants will produce within fourteen (14) days of entry of this Order Plaintiff Hoxie's written statement regarding the February 16, 2006 investigation and incident report;

g. Defendants will produce within fourteen (14) days of entry of this Order all responsive documents to Plaintiff's Request for Production Nos. 2, 4, 5, and 8 within their possession, custody or control. To the extent Defendants allege that they do not have the documents, Defendant(s) will produce affidavits as set forth above; and

h. Defendant Lt. Thomas Cremonte will serve within seven (7) days of entry of this Order his signed response to the January 13, 2010 Discovery Request To Lt. Thomas Cremonte.

**IT IS FURTHER ORDERED** that the remainder of Plaintiff's Second Motion To Compel And For Sanctions For Violation Of Court Ordered Discovery Directed To Livingston County Defendants And First Motion To Compel Directed To Defendant Simpson is **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 14, 2010         s/ Mona K. Majzoub
            MONA K. MAJZOUB
            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: July 14, 2010         s/ Lisa C. Bartlett
            Case Manager