UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HOXIE,

    Plaintiff,

vs.

Case No. 09-CV-10725
HON. GEORGE CARAM STEEH

LIVINGSTON COUNTY, et al.,

    Defendants.

_____/

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR RECONSIDERATION AND CLARIFICATION [#143]

Defendants Livingston County, Sheriff Robert Bezotte, Undersheriff Michael Murphy, Jail Administrator Lt. Thomas Cremonte, Matthew Hoffman, Matthew Young, Cheryl Miks, Nicole Otten, Kasey Howe, Gerald Boyer, Deputy Sgt. York, Deputy Berry, Michael Cortez, Jason Davis, Kirk Daniels, and Deputy Jackson (collectively "Livingston County Defendants") move the court for reconsideration and clarification of its opinion and order [#136] granting in part and denying in part defendants' renewed motion for judgment on the pleadings.

Defendants first request that the court clarify the defendants as to whom the case is dismissed. The allegations made against defendants Young and Miks were for intake procedures followed when plaintiff Hoxie was admitted into the Livingston County Jail in August 2005. There is no allegation that Hoxie suffered from insanity *at the time these claims accrued*, so the statute of limitations against defendants Young and Miks ran in August 2008. Hoxie, however, did not bring his complaint against Young and Miks until

February 26, 2009. Therefore, the claims against Young and Miks are barred by the statute of limitations.

The allegations made against defendants Daniels and Hoffman arise out of the classification of inmate Backus and the corresponding duty to protect Hoxie, culminating in the March 18, 2006 assault on Hoxie. Because Hoxie alleges he was rendered insane by the March 18, 2006 assault by Backus, there is an issue of fact whether the statute of limitations is tolled by insanity. Defendant Hoffman was named in the original complaint filed February 26, 2009, within three years of the assault, so the allegation that Hoffman, who knew that Hoxie was a "snitch," failed in his duty to protect Hoxie from other inmates, was made within the statute of limitations period. Defendant Daniels was added in the first amended complaint, so whether the claim against him survives will depend on the jury's finding with regard to insanity tolling. For now, the claims against Daniels and Hoffman survive defendants' motion for judgment on the pleadings.

Defendants next request reconsideration of the court's finding with regard to the relation-back doctrine. Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

Defendants correctly argue that, as an exception to the statute of limitations, the relation-back doctrine is plaintiff's responsibility to raise. The court VACATES the part of its opinion regarding the relation-back doctrine as it relates to the correction officer defendants named in the first amended complaint. However, the court found an issue of fact for the factfinder

whether Hoxie suffered from insanity following the March 18, 2006 assault. If the jury finds that Hoxie was insane on March 18, 2006, such finding could save the claims against the newly added defendants. A correction of the defect raised by the defendants does not require a different disposition of the case. Therefore, the Livingston County Defendants' motion for reconsideration is DENIED.

Dated: September 1, 2010

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 1, 2010, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk