UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HOXIE,

        **Plaintiff,**             **CIVIL ACTION NO. 09-CV-10725**

     **vs.**                **DISTRICT GEORGE CARAM STEEH**

**LIVINGSTON COUNTY,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

        **Defendants.**
_____/

**OPINION AND ORDER DENYING IN PART AND GRANTING IN PART NON-PARTY HEALTH PROFESSIONALS, LTD. AND DEFENDANT SHERYL SIMPSON, D.O.'S EMERGENCY MOTION TO QUASH SUBPOENA AND ENTER A PROTECTIVE ORDER (DOCKET NO. 157)**

This matter comes before the Court on Non-Party Health Professionals, ltd. and Defendant

Sheryl Simpson, D.O.'s Emergency Motion To Quash Subpoena and Enter a Protective Order filed

on November 24, 2010. (Docket no. 157). Due to the impending close of discovery on November

30, 2010 and the nature of the Court's ruling herein, the Court acts expeditiously and without

awaiting Plaintiff's response. All discovery motions have been referred to the undersigned for

hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 41). The Court

dispenses with oral argument on this matter pursuant to E.D. Mich. Local Rule 7.1(f). The matter

is ready for ruling.

Plaintiff served a subpoena dated November 19, 2010 on non-party Health Professionals

Ltd., P.C. (Docket no. 157-2). The subpoena commands Health Professionals to produce on

November 29, 2010 a "complete copy of the binder containing any and all policies, protocols and/or

procedures to be used by your employees in the administration of health care to inmates at the Livingston County (sic) that were in effect anytime from August 2005 through the end of May 2006." (Docket no. 157-2). Health Professionals and Defendant Dr. Simpson argue that the subpoena seeks irrelevant information, that the subpoena did not allow a reasonable time for response and/or that the requested documents should be produced pursuant to a confidentiality agreement or protective order. Health Professionals and Defendant Dr. Simpson allege that "Defendant Dr. Simpson provided medical care to Plaintiff while Plaintiff was incarcerated at the Livingston County Jail" and "Defendant Dr. Simpson provided such services as an independent contractor of Health Professionals, Ltd. . . . which had a contract for health care services with Livingston County." (Docket no. 157 ¶¶ 2, 3). The Court finds that the subpoena is narrowly tailored to request relevant information. Fed. R. Civ. P. 26(b)(1). The Court also finds that in light of the narrow scope of documents sought and identified, the time Plaintiff allowed for responding to the subpoena was reasonable, despite the fact that the subpoena was served "on or about" November 19, 2010. Fed. R. Civ. P. 45(c)(3)(A)(i); (Docket no. 157 ¶5).

Despite the relevance and reasonableness of the subpoena at issue, it was issued by the United States District Court for the Eastern District of Michigan for production in Traverse City, Michigan, which is in the Western District of Michigan. The subpoena, therefore, does not comply with Fed. R. Civ. P. 45(a)(2)(C), which provides that "a subpoena must issue . . . for production or inspection. . . from the court for the district where the production or inspection is to be made." Furthermore, the place for production or inspection, Plaintiff's counsels' office in Traverse City, Michigan, is more than 100 miles from the place of service of the subpoena, Bingham Farms, Michigan and is not in compliance with Fed. R. Civ. P. 45(b)(2)(A) or (B). Health Professionals and

Defendant Dr. Simpson have not objected on either of these bases. The Court will quash the current subpoena and will extend discovery to allow Plaintiff 48 hours to serve a new subpoena in full compliance with Rule 45 and will give Health Professionals fourteen days to produce and permit inspection and copying of the documents.

Health Professionals also asks the Court to enter a protective order by which the documents will be produced. (Docket no. 157). Health Professionals' request for a protective order makes only general and unsupported allegations that the documents sought are intellectual property and confidential and that making them public (and available to inmates) would constitute a security risk. The Court entered a stipulated protective order covering the policies and procedures of Livingston County Jail and it is reasonable to conclude that the same concerns and protections should apply in this instance. (Docket no. 29). The Court will Order Plaintiff, Defendants and non-party Health Professionals to submit a stipulated protective order to the Court to address the production of these documents.

**IT IS THEREFORE ORDERED** that Non-Party Health Professionals, Ltd. And Defendant Sheryl Simpson, D.O.'s Emergency Motion To Quash Subpoena And Enter A Protective Order (docket no. 157) is **GRANTED** in part as follows:

a.  Plaintiff's subpoena dated November 19, 2010 is quashed; and

b.  All parties will submit to the Court on or before December 8, 2010 a stipulated Protective Order, as set forth above. If the parties cannot agree to the terms of a stipulated protective order, each party will submit a draft protective order to the Court on December 8, 2010 and the Court will then decide which protective order will be entered.

**IT IS FURTHER ORDERED** that Non-Party Health Professionals, LTD. And Defendant

Sheryl Simpson, D.O.'s Emergency Motion To Quash Subpoena and Enter A Protective Order is

**DENIED** in part and Discovery is extended as follows for the limited purpose of subpoenaing

Health Professionals:

a.　　Plaintiff has 48 hours from entry of this order to serve a new subpoena on Health

　　Professionals Ltd. as set forth above in full compliance with Fed. R. Civ. P. 45; and

b.　　Health Professionals Ltd. will produce and permit inspection and copying of the

　　subpoenaed documents or objects on or before December 15, 2010.


## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date

of this Order within which to file any written appeal to the District Judge as may be permissible

under 28 U.S.C. 636(b)(1).

Dated: December 1, 2010　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of
Record on this date.

Dated: December 1, 2010　　　　　s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　Case Manager